State v. Schuerman.

---

STATE OF MISSOURI, Respondent, v. SOPHIA SCHUERMAN, Appellant.

St. Louis Court of Appeals, April 20, 1897.

1. **Criminal Law**: INFORMATION: VENUE: LIMITATION: PROOF. In a criminal case the venue must be proved as laid in the indictment or information, and the state must show that the offense charged was committed within the period limited by statute. for its prosecution, to authorize a conviction.

2. ———: ———: NEGATIVE AVERMENT: PROOF. A negative averment in an information, charging an offense in the language of the statute creating the offense, was necessary, and should have been proved on the trial.

*Appeal from the St. Louis Court of Criminal Correction.*
HON. DAVID MURPHY, Judge.

REVERSED AND REMANDED.

*Martin & Bass* for appellant.

In a criminal case the venue must be proved as laid in the indictment. The proof may be either direct or indirect, but it must be one or the other, and the record must show it, or this court will reverse. *State v. Hart-nett*, 75 Mo. 251; *State v. Burgess, Id.* 541.

There was no evidence, either direct or circumstantial, that the offense charged was committed in the city of St. Louis. *State v. McGinnis*, 74 Mo. 245; *State v. King*, 110 *Id.* 576. This rule is enforced even in a civil case. *Bakenstoe v. R. R.*, 86 Mo. 492.

There was no evidence as to when the offense was committed, and nothing from which the time of its commission could be inferred. *State v. Sauerburg*, 64 Mo. App. 129.

There was no evidence that the prosecuting witness was pregnant. R. S. 1889, sec. 3495; *Rex v. Scudder*, 3 C. P. 605.

The state should have proven the signification of the words "three months gone." They are not the equivalent of the words "with child," and the court does not know judicially that they have such meaning. *State v. Russell*, 17 Mo. App. 16; *State v. Bruner, Id.* 274; *State v. Norman*, 44 *Id.* 306.

The state failed to prove that the alleged miscarriage was not necessary to preserve the life of the woman. It was necessary for the prosecution to prove this particular negative averment. *Moody v. State*, 17 Ohio St. 110; *Congers v. State*, 50 Ga. 103; *State v. Hirsch*, 45 Mo. 429. See, also, Kelly's Crim. Law, sec. 253.

The insertion of the instrument, as charged in the information, is too indefinite and uncertain, and does not follow approved forms. Bish. Stat. Crim., sec. 758a; *State v. Emerich*, 87 Mo. 110.

The information does not charge that defendant unlawfully "inserted" the instrument. *State v. Emerich, supra.*

No brief filed for respondent.

BLAND, P. J.—Information was filed by Richard M. Johnson, assistant prosecuting attorney of the city of St. Louis, in the court of criminal correction, charging the defendant under section 3495, Revised Statutes 1889, with having produced an abortion upon one Louisa Bateman by the use of an instrument. The defendant was arraigned, tried, found guilty, and sentenced to the workhouse for six months, and to pay a fine of $100. From this judgment and sentence she duly appealed to this court.

The evidence on the part of the state is as follows:

"Louisa Bateman testified as follows:

"I called on the defendant at her home. She lived at No. ——, Palm street. I told her what was the matter with me. She said she wanted $15, which I paid her. She then took me into a dark room, and I laid down and she examined me. I saw something shining in her hand, it looked like an instrument about six or seven inches long. She used it upon me, I think. I thought I felt it. She then told me to go home, and said that in three days it would be expelled. Inside of three days I was taken sick and sent Mrs. Catherine Sexton for Mrs. Schuerman, who refused to come and see me. Something left me about that size (indicating), I was informed by Mrs. Schuerman that I was about three months gone."

Cross-examination by Mr. Martin.

"Couldn't say what kind of an instrument it was. It looked long and bright. The room was rather dark. Yes, I went there myself. Didn't say I wanted to find out what was the matter."

State v. Schuerman.

Mrs. Catherine Sexton testified as follows:

"I found the woman very sick and she asked me to go and get Mrs. Schuerman, who was attending to her. I then visited Mrs. Schuerman. Talked with her. She said she would not go with me to see the girl because it was all right. That she would be all right. That she would be all right in three days. That she fixed her." This evidence fails to prove any venue. To say that "I called on the defendant at her home. She lived at No. ——, Palm street," does not fix the state, county, or city of her residence, nor does the evidence locate the time when the alleged offense was committed, nor any facts from which the time can be reasonably inferred. To authorize a conviction the state is required to prove that the offense charged was committed within the period limited by statute for its prosecution. *State v. Sauerburg*, 64 Mo. App. 129.

INFORMATION: venue: limitation: proof.

The information charged, in the language of the statute creating the offense, that the abortion was not necessary to preserve the life of said Louisa Bateman, etc. This is a negative averment, but it is a negative contained in the section and clause of the section creating the offense. It was necessary to aver it in the information, and just as necessary to prove it upon the trial. No such proof was offered. *State v. Hirsch*, 45 Mo. *loc. cit.* 431. The information is in the language of the statute and is sufficient, and we think the evidence of the pregnancy of the Bateman woman, and the fact that defendant produced an abortion upon her is sufficient to warrant a finding for the state upon these issues.

INFORMATION: negative averment: proof.

Judgment reversed and cause remanded. All concur.