## Commonwealth v. Robinson.

*Jurisdiction, Q. S.—Venue of crime must be established.*

1. To sustain a conviction of crime, the locality of the crime must be proved to have been within the jurisdiction of the court, i. e., within the county.

2. Where the evidence fails to show that the crime was committed within the county, and merely shows the location of certain streets and houses, without indicating in what county such streets and houses are, the court will grant a new trial after conviction, but will not arrest the judgment.

Charge: Receiving stolen goods on conspiracy. Motions in arrest of judgment and for a new trial. Q. S. Phila. Co., Feb. Sess., 1921, Nos. 18-20.

*James G. Gordon, Jr.*, for plaintiff; *Weinberg & Weinberg*, for defendant.

McPHERSON, P. J., 51st judicial district, specially presiding, June 24, 1921.— After a verdict of guilty rendered by the jury, motions in arrest of judgment and for a new trial were filed, and in support thereof the following reasons were filed: 1. The court did not have jurisdiction. 2. That the verdict was against the law. 3. The verdict was against the evidence. 4. The verdict was against the weight of the evidence.

In support of the first reason it is alleged that the evidence given at the trial was insufficient to show that the crime alleged to have been committed was committed within the City and County of Philadelphia.

From the notes of testimony it appears that the evidence of all the witnesses which bore upon the location of this crime, or had any reference to locality, merely referred to names of streets or certain particular houses on certain particular streets, but in no part of the evidence is it shown specifically or by inference that the streets mentioned as the locality of the crime, of the place of business of the defendant, or of the delivery of the goods alleged to be stolen, were within the City or County of Philadelphia.

To sustain a verdict, the jurisdiction of the court over the crime alleged to have been committed must be shown, and if the jurisdiction depends upon a question of fact, this fact must be proven by competent and sufficient evidence.

1 D. & C.

The locality of the crime within the jurisdiction of the court, namely, the County of Philadelphia, must, therefore, have been established in this case by competent and sufficient evidence. This was not done. From the evidence of locality presented at the time of the trial, the crime may have been committed in any city wherein there are streets with the names such as were used by the witnesses in describing the locality. We are of the opinion, therefore, that a new trial should be granted. In this conclusion we are sustained by an opinion filed in the Court of Quarter Sessions of Philadelphia County, in the case of Com. v. Julia, No. 530, March Sessions, 1920, by Judge Bell, of Clearfield County, specially presiding, in which case a precisely similar question was raised under an identical condition of the evidence, and wherein the court held that the evidence was insufficient to establish the jurisdiction of the court over the crime, and that a new trial should be granted.

While we have found no appellate court decision in Pennsylvania which passes upon this question, yet the conclusion of Judge Bell in the case above referred to and our conclusion in this case are sustained by the decisions of the appellate courts in various other jurisdictions, as follows: State v. Schuerman, 70 Mo. App. 518; Kolman v. State, 124 Ga. 63 (52 S. E. Repr. 82); People v. O'Gara, 271 Ill. 138 (110 N. E. Repr. 878); Brunson v. State, 4 Okla, Crim. App. 13 (115 Pac. Repr. 606); Simpson v. City of Macon, 8 Ga. App. 535 (69 S. E. Repr. 1084).

In view of our conclusion as to the insufficiency of the evidence to prove the jurisdiction, we deem it unnecessary to pass upon the other reasons urged for a new trial and make no further reference thereto.

In relation to the motion of the defendant in arrest of judgment, we can find nothing in the record which would warrant us in sustaining it.

And now, June 24, 1921, the motion in arrest of judgment in this case is refused and exception noted and bill sealed to the defendant. Motion for new trial is allowed and a new trial is hereby granted.

NOTE.—The essential part of the opinion of Judge Bell, in Com. v. Julia, Q. S. Phila. Co., March Sess., 1920, No. 530, was as follows:

"Concededly what occurred took place at these two points, and there is nothing in the evidence which indicates that this was in the County of Philadelphia, or City of Philadelphia, and there are no other references in the testimony which indicate where these things occurred. From the reading of the testimony alone it would not be possible for anybody to know in what county these houses were. The other references to places are consistent with it happening in almost any city. While George L. Potter is referred to as an officer in the title, there is nothing to that effect in his testimony, and we are wholly unable to find any evidence here which shows that the offence was committed within the City or County of Philadelphia, or that the places mentioned are within that city or county, nor can we discover any circumstantial evidence that will sustain the conclusion. In the press of the trial, and, doubtless, everybody taking it for granted that the matter occurred within Philadelphia, there is neither direct or circumstantial evidence of the fact, unless it is to be found in the designation of those two places, 823 Fernon Street and 2064 Wharton Street. That this is insufficient has been held in various cases: State v. Schuerman, 70 Mo. App. 518; Kolman v. State, 124 Ga. 63 (52 S. E. Repr. 82); People v. O'Gara, 271 Ill. 138 (110 N. E. Repr. 878); Brunson v. State, 4 Okla., Crim. App. (115 Pac. Repr. 606); Simpson v. City of Macon, 8 Ga. App. 535 (69 S. E. Repr. 1084.).

"We do not find any decision in Pennsylvania directly upon this question, but we think to sustain this conviction would be going further than any authority in Pennsylvania has ever authorized. It follows, therefore, that the evidence was not sufficient, and that a new trial must be granted. The court cannot arrest the judgment because of insufficiency of evidence: Com. v. Gurley, 45 Pa. 392."