THE STATE v. TISSING, *Appellant.*

1. **Criminal Law**: PLEADING. An indictment is sufficient, which follows the language of the statute under which it is brought.

2. ———: EVIDENCE, OF TIME, WHEN MATERIAL. Defendant, a druggist, was indicted in March, 1878, under an act which went into effect in August, 1877, and convicted of selling liquor in small quantities without taking out a license as a dramshop keeper. A witness testified to a sale on the 4th of January, but there was no evidence of the year in which this occurred, nor any *data* from which it could be inferred. *Held*, that the conviction could not be sustained.

*Appeal from Moniteau Circuit Court.*—Hon. G. W. MILLER, Judge.

REVERSED.

The indictment in this case was based upon section **1**, page 342, of the statutes of 1877, and charged that defendant "on or about the 1st day of November, 1877, at, etc., being then and there a druggist and dealer in drugs and medicines, did unlawfully sell intoxicating liquor in less quantity than one gallon, to-wit: one pint of whisky  *

\* without taking out a license as a dramshop keeper, the same not being then and there sold for medicinal or sacramental purposes."

*Moore & Williams* for appellant.

*D. H. McIntyre*, Attorney General, for the State.

### I.

SHERWOOD, C. J.—The indictment is well enough. It follows the language of the statute.

### II.

We reverse the judgment because it does not appear when the offense charged was committed. If the evidence had shown that the offense occurred within one year next before the finding of the indictment, this would have sufficed. The only testimony as to the time of selling was this: "I bought a pint of whisky of Tissing on the 4th of January, for medicine." This evidence does not state when the violation of law took place, nor are any *data* given from which the time of the occurrence can reasonably be inferred. Such testimony will not answer. Judgment reversed and cause remanded. All concur.