The State v. Higgins.

---

THE STATE v. HIGGINS, *Appellant.*

Criminal Law : LARCENY : ASPORTATION. In larceny the caption and asportation consist in removing the property alleged to have been stolen from the place where it was before; it need not be taken out of the room and carried away.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Robt. W. Goode* for appellant.

*B. G. Boone*, Attorney General, for the state.

HENRY, C. J.—The defendant and one McGuire were jointly indicted at the May term, 1883, of the St. Louis criminal court, for burglary and larceny, alleged to have been committed on the twenty-ninth of April, 1883. At the March term, 1883, defendant, Higgins, having been granted a severance, had a trial and was convicted of both burglary and larceny, and sentenced to three years imprisonment in the penitentiary for the burglary, and two years for the larceny. He has appealed from the judgment of the court of appeals, affirming that of the criminal court, and in the brief filed by his counsel, which is a model of brevity, he insists that "the record shows no proof of the larceny by defendant, of a single cent, and only presumptive proof of the burglary." This is the only question we are asked to consider.

The testimony for the state was that of Frank Ritter, who testified that he was the son of Frank Ritter, who owned the saloon in which the alleged burglary was committed. That about two o'clock in the morning he locked up the saloon and left ten dollars in the till for the bar keeper, who came on watch about half past five or six a. m.; that he then bolted the front door and locked the rear door from the outside. When he returned the next day he found that the bolt had been broken off of the front door. Rabmeyer testified to facts sufficient to establish the burglary against the defendant, and, also, that when he and the officers who arrested him got to the saloon they found the till on the floor, and some money scattered upon the floor, and that they picked up $1.80. The testimony of O'Donnell and Viehle was to the same effect.

It is true, as urged by appellant's counsel, that there is no proof that any of the money was taken out of the saloon by the burglars, but in an indictment for larceny the *caption* and *asportation* consist "in removing the property alleged to have been stolen from the place where

they were before, though they be not quite carried away."
3 Greenleaf's Evidence, sec. 154. As, "where a prisoner
had lifted a bag from the bottom of the boot of a coach,
and was detected before he got it out of the boot, it was
held a complete asportation." *Rex v. Walsh*, 1 Mood.
C. C. 14; 3 Greenleaf's Evidence, sec. 154.

The judgment is affirmed. All concur, except Nor-
ton, J., absent.