[No. 20383.   In Bank. — March 28, 1888.]

# THE PEOPLE, RESPONDENT, v. FRANK MEYER, APPELLANT.

CRIMINAL LAW — LARCENY — CARRYING AWAY — SEVERANCE OF POSSESSION. — In order to constitute the crime of larceny, the property alleged to have been stolen must have been carried away from the possession or custody of the owner, and have come into the possession of the thief.

ID. — ATTEMPT TO CARRY AWAY — PROPERTY FASTENED TO PREMISES OF OWNER. — Evidence of an attempt to carry away property from the possession of the owner, which attempt was frustrated by reason of the fact that the property was fastened to the premises of the owner, is not sufficient evidence of an asportation to warrant a conviction for larceny.

ID. — DEFENDANT AS WITNESS — CROSS-EXAMINATION. — On the trial, the defendant, as a witness in his own behalf, testified that at the time of the alleged larceny he was under the influence of liquor, and that as he was walking along he fell over something, and the first thing he knew somebody grabbed him. This was all he testified to on his examination in chief. On cross-examination, after being asked as to his true name, he was asked whether or not he had gone by several other names, and whether he had ever been convicted of a felony. Held, that the cross-examination was proper.

APPEAL from a judgment of the Superior Court of the city an county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*John D'Arcy*, for Appellant.

The evidence did not show an asportation of the coat sufficient to warrant a conviction. (3 Greenl. Ev., sec. 155; Roscoe's Crim. Ev., 5th Am. ed., 588; 2 Bishop's Crim. Law, sec. 795; *People* v. *Williams*, 35 Cal. 671; *Wilkinson's Case*, 1 Hale P. C. 508.) The court erred in allowing the defendant to be cross-examined on matters not testified to in his examination in chief. (Pen. Code, sec. 1323; Const., art. 1, sec. 13; *People* v. *O'Brien*, 66 Cal. 602; *State* v. *Lurch*, 6 Pac. Rep. 410.)

*Attorney-General Johnson*, for Respondent.

Sharpstein, J.—The defendant was tried on an information, in which it was charged that he willfully, unlawfully, and feloniously stole, took, and carried away one overcoat, of the value of twenty dollars, the personal property of Harris Joseph and Lewis Joseph. On the trial, Lewis Joseph testified as follows:—

"I had, as usual, placed and buttoned an overcoat upon a dummy which stood on the sidewalk outside of my store. I was inside the store and heard the chain of the dummy rattle, and on coming outside found defendant with said coat unbottoned from the dummy and under his arm, the same being entirely removed from the dummy, and about two feet therefrom and from the place where it had been originally placed on the dummy by me, and the accused was in the act of walking off with said coat when grabbed by me, he being prevented from taking it away because said coat was chained to the dummy by a chain which ran through the coat-sleeve, and the dummy was tied to the building by a string."

This was the only evidence introduced to prove the charge of larceny. The jury on this evidence returned a verdict of guilty of petit larceny as charged, and the defendant, having pleaded guilty of prior convictions of other petit larcenies, was sentenced to imprisonment in the state prison for the term of two years.

He moved for a new trial, which was denied, and from that order and the judgment this appeal is taken.

Appellant insists that the verdict is contrary to the evidence, which it is claimed does not prove that the defendant carried away the coat which he is charged with having stolen, but proves he did not.

"Larceny," as defined in the Penal Code of this state, "is the felonious stealing, taking, carrying, leading, or driving away the personal property of another." This is substantially the common-law definition, under which it was held that it must be shown that the goods were severed from the possession or custody of the owner, and

in the possession of the thief, though it be but for a
moment. Thus where goods were tied by a string, the
other end of which was fastened to the counter, and the
thief took the goods and carried them towards the door
as far as the string would permit, and was then stopped,
this was held not to be a severance from the owner's
possession, and consequently no felony. (3 Greenl. Ev.,
sec. 155.)

"In the language of the old definition of larceny,"
says Bishop, "the goods taken must be *carried away*.
But they need not be retained in the possession of the
thief, neither need they be removed from the owner's
premises. The doctrine is, that any removal, however
slight, of the entire article, which is not attached either
to the soil or to anything not removed, is sufficient;
while nothing short of this will do." (2 Bishop's Crim.
Law, sec. 794.)

The attorney-general admits that this is the doctrine
of the English cases.

In *State* v. *Jones*, 65 N. C. 395, the court says: "There
must be an asportation of the article alleged to be stolen
to complete the crime of larceny. The question as to
what constitutes a sufficient asportation has given rise
to many nice distinctions in the courts of England, and
the rules there established have been generally observed
by the courts of this country."

*People* v. *Williams*, 35 Cal. 671, was not so clearly
within the rule as this case is, but the court said that it
did not feel at liberty to depart from a rule so long and
so firmly established by numerous decisions. Tested
by that rule, the evidence in this case was clearly insuffi-
cient to justify the verdict, and the defendant is entitled
to a new trial on that ground.

There is another alleged error which we deem it our
duty to pass on, particularly as the case must be re-
manded for a new trial.

The defendant testified in his own behalf that he had

been drinking, and as he was walking along, fell over something, and the first thing he knew somebody grabbed him. This was all he testified to on his examination in chief. On cross-examination he was asked what was his true name. He replied, "Frank Meyer." He was then asked, against his counsel's objections, the following questions: "Did you ever go by the name of Frank Miller? Did you ever go by the name of Frank Smith? Did you ever go by the name of Otto Meyer? Have you ever been convicted of a felony in this city and county?" These questions were all answered in the affirmative, and had a tendency to throw discredit on defendant's testimony. "A defendant in a criminal action or proceeding cannot be compelled to be a witness against himself; but if he offer himself as a witness, he may be cross-examined by the counsel for the people as to all matters about which he was examined in chief." (Pen. Code, sec. 1323.)

In *People* v. *Chin Mook Sow*, 51 Cal. 597, the defendant, on cross-examination, was asked if he had not previously been convicted of a certain felony. He answered that he had not, and the district attorney was permitted, against the objection of defendant's counsel, to introduce in evidence a record of such prior conviction.

The ruling of the lower court was sustained by this court, and we think the case directly in point here. There are expressions to be found in the opinions of courts, for which we entertain the highest respect, which seem to militate against this view of the matter, but none in which the precise question here presented was involved.

Judgment and order reversed.

SEARLS, C. J., McKINSTRY, J., and THORNTON, J., concurred.

McFARLAND, J., concurring.—I concur in the judgment; but I dissent from the latter part of the opinion

of the court, which holds that certain questions were properly allowed to be asked defendant on his cross-examination.

The limit of cross-examination of ordinary witnesses is not marked with any great accuracy or distinctness. Questions are frequently allowed which strictly do not refer to the matters about which the witnesses testified in chief. Great latitude is given trial courts in passing upon the admissibility of such questions; and their discretion is rarely interfered with by appellate courts. Now, if the legislature had intended to put a defendant in a criminal case testifying for himself upon the same footing as other witnesses, it could easily have signified that intention in one of two ways: 1. By saying nothing about it; or 2. By saying, affirmatively, that he should be subject to cross-examination as other witnesses. But the language of section 1323 of the Penal Code is, that he may be cross-examined " as to all matters about which he was examined in chief." Therefore, either no signification at all must be given to this language, which would be to violate a cardinal rule of construction, or else it must be held to be a limitation of the general practice on cross-examination, and the establishment of definite boundaries within which the cross-examination of a defendant must be confined. And that the latter is the true construction seems to me to be most obvious and clear. I cannot understand how the language can be held to mean anything else.

It must be remembered that the privilege given a defendant in a criminal case to testify for himself is by no means an unmixed blessing. There are cases where an innocent defendant could do himself no good, and might do himself harm, by going on the witness-stand. But his refusal to do so will be construed to his injury by the average juryman, in spite of any instruction the court may give on the subject. And then, if he does testify, his temptation to commit perjury will be considered so

great that he will rarely be credited with telling the truth. But if he cannot go upon the stand for the mere purpose of stating a fact which will explain some suspicious circumstance, without being forced, upon cross-examination, to lay bare the whole history of his life, he had better keep away from it,—unless, indeed, instead of having a human character, he is a miraculous bundle of virtues, with no vice, and with nothing which men call a vice. And no doubt these and similar considerations induced the legislature to throw around him the slight protection, at least, which is contained in the section of the code under consideration. I do not understand that in *People* v. *Chin Mook Sow* anything more was intended to be decided than that when a defendant is a witness he may be impeached by independent evidence of his bad reputation for truth, etc., or of his conviction of a felony, as provided in section 2051 of the Code of Civil Procedure. But other provisions inconsistent with section 1323 of the Penal Code should be construed as not including those who have the dual character of witness and defendant. I think that the objection to each of the questions asked of defendant on cross-examination should have been sustained.

PATERSON, J., concurred with Mr. Justice McFARLAND.