STATE OF MISSOURI, Respondent, v. JOSEPH SAUER-BURGER, Appellant.

St. Louis Court of Appeals, December 10, 1895.

1. Criminal Law: KEEPING DRAMSHOP OPEN ON SUNDAY: INFORMA-TION. An information charging the defendant with keeping a dram-shop open on Sunday is sufficient, if it is drawn in the language of the statute defining the offense.

2. ———: ———: STATUTE OF LIMITATIONS: BURDEN OF PROOF. The evidence of the state will not warrant a conviction for a criminal offense, when it fails to show that the offense was committed by the defendant within the period limited by statute for his prosecution. Accordingly evidence that the offense was committed "on the fourteenth day of April," without designation of the year and without proof warranting any inference on the subject, is insufficient.

*Appeal from the St. Louis Court of Criminal Correction.*
HON. DAVID MURPHY, Judge.

REVERSED AND DEFENDANT DISCHARGED.

*Chester H. Krum* and *Marshall F. McDonald* for appellant.

BOND, J.—Defendant was tried and found guilty in the St. Louis court of criminal correction of keeping open a dramshop on Sunday. From a judgment sentencing him in accordance with the verdict he appealed to this court, and assigns as error, first, that the information under which he was tried does not charge any offense against the laws of this state. This point must be ruled against defendant. The information is drawn in the language of the statute defining

VOL. 64 app—9

the offense charged, and is sufficient. Revised Statutes of 1889, section 4590; *State v. Braun*, 83 Mo. 480; *State v. Roehm*, 61 Mo. 82; *State v. Tissing*, 74 Mo. 72.

The next assignment of error relates to the alleged insufficiency of the evidence to support the verdict. The assignment must be sustained. The offense charged in the information is a misdemeanor. Its prosecution is, therefore, barred after the lapse of one year from the time of its commission. Revised Statutes of 1889, section 4000.

The only testimony in the record, showing the time when the alleged offense was committed, is the statement of the witnesses that it was "on the fourteenth day of April." Nothing beyond this was stated in respect to the time of the commission of the alleged offense; nor are there any data in the evidence from which the time of the occurrence could be reasonably inferred. It is plain that the foregoing evidence is wholly insufficient to show that the act complained of was done within one year next before the filing of the information on the fifteenth of April, 1895. *State v. Tissing*, *supra*. In the case last cited the exact point was determined by the supreme court; for in that case a defendant was indicted for selling whisky without license, and the only evidence to show a sale was the statement of one of the witnesses that it was made "on the fourth of January." It was held that this proof was insufficient, inasmuch as this statement did not show in what year the sale took place, nor were there any other data from which it could be inferred, and, hence, the proof did not show that the sale had taken place within the year preceding the finding of an indictment on the first of November, 1877. In addition to the defect in the proof, there was error in the court's instruction to the jury omitting to tell them

that it was essential that the evidence should show the act, charged as an offense, was done within the one year next before the filing of the information.

The result is that the judgment in this case must be reversed, and, as the evidence is insufficient to show an offense within the statutory period, the defendant is discharged.    All concur.