State v. Greenspan.

STATE OF MISSOURI, Respondent, v. JOSEPH GREENSPAN, Appellant.

St. Louis Court of Appeals, April 20, 1897.

Criminal Law: MISDEMEANOR: INDICTMENT FOR RECEIVING STOLEN PROPERTY: FAILURE OF PROOF. On a trial on indictment charging defendant with having received stolen property on a certain day named in the indictment, the failure of the prosecution to prove when the property was received, was fatal.

*Appeal from the St. Louis Criminal Court.*—HON. HENRY L. EDMUNDS, Judge.

REVERSED AND REMANDED.

*Claiborne & Anderson* and *R. S. McDonald* for appellant.

*R. F. Walker*, attorney-general, and *C. O. Bishop* for respondent.

BIGGS, J.—The defendant was indicted for receiving stolen property exceeding in value $30. At the trial the jury found him guilty of receiving stolen property of less value than $30. His punishment was assessed at a fine of $50. The indictment charged the defendant with the commission of a felony. R. S. 1889, secs. 3546 and 3553. As the jury found that the property stolen and received by him was of less value than $30, the offense was a misdemeanor, and the defendant was properly convicted therefor under section 3548 of the statute. The appeal was erroneously taken to the supreme court, which has transferred the case to this court.

The indictment is in the usual form and its suffi-
ciency is not challenged.    It charges that the defend-
ant received the property on the twenty-
INDICTMENT            second day of October, 1895.    The state
for receiving
stolen property:    failed to prove when it was received.    It
failure of proof.
is clear that the judgment will have to be
reversed.    *State v. Tissing*, 74 Mo. 72.    We have had
occasion heretofore to complain of the failure of prose-
cuting attorneys to prove formal matters.    The courts
are powerless to supply such omissions.    Some care
and attention to details is absolutely essential.

The judgment will be reversed and the cause
remanded.    All the judges concur.