State v. Knolle.

the tender was good after it had become assets of her husband's estate in her hands.

The judgment is affirmed.    All concur.

STATE OF MISSOURI, Respondent, v. GEORGE KNOLLE, Appellant.

**St. Louis Court of Appeals, November 19, 1901.**

1. **Criminal Law:** CRIMINAL PRACTICE: VENUE.  Testimony as to alleged theft located it at or near the railway yards on Mississippi avenue, and it is held that such evidence is enough to warrant the jury in finding the venue was as laid in the indictment.

2. ———: ———: TIME OF COMMISSION OF OFFENSE.  Where the only testimony as to the time of the commission of an offense showed it to have been on the fourteenth day of January, it is insufficient to sustain a conviction, as it failed to show the crime was committed within the period limited for its prosecution.

3. ———: ———: LARCENY: ASPORTATION OF PROPERTY. There can be no larceny unless there is proof of asportation of the property.

4. ———: ———: CORPUS DELICTI.  The *corpus delicti* must be established in every criminal prosecution before a conviction can be sustained.

5. ———: ———: ———: CIRCUMSTANTIAL EVIDENCE.  And while the *corpus delicti* may be established by circumstantial evidence, the courts, and particularly trial courts, should see to it that such evidence is cogent and convincing and excluding all other reasonable hypotheses.

Appeal from St. Louis Court of Criminal Correction.—*Hon. Willis H. Clark,* Judge.

REVERSED AND REMANDED.

*Thos. Morris* for appellant.

State v. Knolle.

(1)   The State failed to prove the venue.   The only evidence on this point is that John Roach, who says in answer to the question, "Are those the Missouri Pacific tracks at Tesson avenue and Mississippi avenue?"   Answer: "Yes, sir."   Tesson and Mississippi avenues may be in the county of St. Louis or in Jefferson county, Missouri.   There is nothing to show that those streets are in the city of St. Louis; and they are not streets so notoriously and generally known as public highways in the city of St. Louis that the court is bound to take cognizance of, without definite evidence that such streets are in the city of St. Louis.   State v. David McKay, 20 Mo. App. 149; State v. Quaite, 20 Mo. App. 405. In a criminal case, the venue must be proved as laid in the indictment or information, and the State must show that the offense charged was committed within the period limited by statute for its prosecution to authorize conviction.   State v. Schuerman, 70 Mo. App. 518.   (2)   There is no evidence of the asportation or taking of any property from the Missouri Pacific Railway Company upon the fourteenth day of January, 1900, or within one year prior thereto by the defendant. State v. Schuerman, 70 Mo. App. 518.   The gist of the information charging the defendant with larceny is the same as the definition of the offense under the common law, i. e: The felonious taking of the property of another with the simultaneous intent on the part of the taker of appropriating it to his own use and depriving the owner thereof without his consent.

GOODE, J.—Appellant was convicted of petit larceny, for stealing two brass journals from the Missouri Pacific Railway Company, on the fourteenth day of January, 1900.

While the venue of the offense was perhaps proved with sufficient certainty to answer the requirements of the decisions on that subject, it was not shown, except inferentially,

to have been either in the city of St. Louis or State of Missouri. The testimony as to the alleged theft located it at or near the railway yards on Mississippi avenue. In several cases it was ruled that such evidence was enough to warrant the jury in finding the venue was as laid in the instrument. State v. Burns, 48 Mo. 438; State v. Ruth, 14 Mo. App. 226; State v. Fitzporter, 16 Mo. App. 282. Venue is always easy to establish by a formal question to some witness, and it is certainly much the better practice to make the proof positive, instead of inferential.

The year of the offense was not proven, as the only reference to the time of its commission by the witnesses stated it to have been on the fourteenth day of January. That was insufficient to sustain a conviction, as it failed to show the crime was committed within the period limited for its prosecution. State v. Tissing, 74 Mo. 72; State v. Sauerburger, 64 Mo. App. 129; State v. Schuerman, 70 Mo. App. 518.

We think the *corpus delicti* was insufficiently established. Two policemen, who arrested the defendant, testified they heard a noise between the rails of the company's tracks and on creeping up saw two men at work "trying to get the box out." One of the men cried: "Look out. The cop." When appellant was seized, he said they had him right this time. The policemen saw no one remove any boxes, but two were found on the ground one hundred feet from where appellant was taken. Appellant had no boxes on his person, and those the policemen saw him and his companion tampering with, were not removed from their places. There was no theft of them, of course, because there was no asportation. State v. Grant, 76 Mo. 236; State v. Higgins, 88 Mo. 354. Nor does the fact that two journals were found on the ground one hundred feet away, prove either that they had been stolen, or that defendant stole them. Such a circumstance only raises a suspicion of theft, without proving it. Proof of the *corpus*

*delicti* involves two things: first, a criminal act; second, the defendant's agency in the production of the act; and where a presumption is raised as to the *corpus delicti,* it ought to be strong and cogent.   State v. Dickson, 78 Mo. 438.   "The *corpus delicti* must be established in every criminal prosecution before a conviction can be sustained.   While it may be established by circumstantial evidence, the courts, and particularly trial courts, should see to it that such evidence is cogent and convincing and excluding all other reasonable hypotheses.   Mere suspicion, however strong, will not supply the place of evidence, when life or liberty are at stake."   State v. Jones, 106 Mo. 302.

The proof here does not measure up to that standard; therefore, on that account and for the omission to prove the date of the crime charged, the judgment is reversed and the cause remanded.   All concur.