(No. 14127.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM LARDNER, Plaintiff in Error.

*Opinion filed December 22, 1921.*

1. CRIMINAL LAW—*what is the essential element of larceny.*
The essential element of larceny is a felonious taking by which the owner is deprived of possession and the thief acquires possession for an appreciable period of time, although it may be only for a moment, and any change of location whereby complete control of the article is transferred from the owner to the thief is sufficient evidence of the taking away.

2. SAME—*what are the essential elements of attempt to commit larceny.* The essential elements of the attempt to commit larceny are the intent to commit the crime, the performance of some overt act towards its commission and a failure to consummate the crime, and the failure to accomplish or complete the crime is as essential as the intent or the overt act.

3. SAME—*evidence of complete offense will not sustain conviction for an attempt to commit larceny.* The rule that a defendant may be convicted of a lesser offense which is included in an indictment for a greater crime cannot be applied to sustain a conviction for an attempt to commit larceny with which the defendant was charged where the evidence shows that the offense was complete, as the statute defines what constitutes an attempt and includes as an essential element the failure to consummate the crime.

4. SAME—*when crime of larceny is complete.* If one feloniously takes the goods of another from their accustomed place, although he is detected before they are actually carried away, the crime of larceny is complete, and where a shoplifter, after taking goods from a show-case and putting them in his overcoat pocket, runs away, leaving his overcoat lying on another show-case, the crime is larceny though his possession was brief and the goods were not removed from the store.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding.

SHORT & GUENTHER, and CHARLES P. R. MACAULAY, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and GEORGE C. DIXON, (EDWARD E. WILSON, CLYDE C. FISHER, and HENRY T. CHACE, JR., of counsel,) for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The plaintiff in error, William Lardner, was indicted in the criminal court of Cook county and in the first count of the indictment was charged with larceny of five handbags of the value of $25 each, the property of Harry Morris and John P. Mann, partners doing business as Morris, Mann & Reilly, and in the second count was charged with receiving the same property knowing that it had been stolen. A trial resulted in a verdict finding him guilty of an attempt to commit larceny and finding the value of the property to be $125 and his age about twenty-six years. The court overruled motions for a new trial and in arrest of judgment and sentenced him to imprisonment in the penitentiary.

On the trial the evidence for the People was to the following effect: The defendant entered the store of Morris, Mann & Reilly and took five beaded handbags from a show-case and put them in the pocket of his overcoat, which he was carrying on his arm. He did not appear to be doing anything and was accosted by one of the salesmen, who asked him if he was waited on, and he replied that he was waiting for one of the salesmen whose name he gave. One of the employees said, in the presence of the defendant, that he was the man whom they had complaints about being in the place. He became indignant and gave an assumed name, and said that he had a store and that was no way to treat a customer and he would not buy any more goods. He left the store, and about ten or fifteen minutes afterward his overcoat was found lying on a show-case about six feet from the one from which the beaded bags had been taken

and they were found in the pocket inside of the overcoat. The defendant testified that the overcoat did not belong to him and that he did not take the bags from the show-case or put them in the overcoat.

The question raised by an assignment of error, and the argument in support of it, are that the evidence for the People only tended to prove the completed offense of larceny, and therefore there could be no conviction for an attempt to commit the crime resulting in a failure. The defendant was indicted for larceny, which is defined by section 167 of division 1 of the Criminal Code as the felonious stealing, taking and carrying, leading, riding or driving away, the personal goods of another. He was found guilty of an attempt to commit larceny under section 1 of division 2 of the Criminal Code, which prescribes punishment of "whoever attempts to commit any offense prohibited by law, and does any act towards it but fails, or is intercepted or prevented in its execution." The essential elements of larceny are a felonious taking by which the owner is deprived of possession and the thief acquires such possession for an appreciable period of time, although it may be only for a moment. An attempt to commit larceny is the unfinished crime. The essentials of the attempt are the intent to commit the crime, the performance of some overt act towards its commission, and a failure to consummate the crime. Whenever one intending to commit the crime of larceny does an act toward it but is intercepted, or some accident intervenes so that he fails to accomplish what he intended, it is an attempt within the statute. If there is such intent and an endeavor to accomplish the crime by some act falling short of the execution of the ultimate design it constitutes the attempt. (*Patrick* v. *People,* 132 Ill. 529; *Scott* v. *People,* 141 id. 195.) A failure to consummate the crime is as much an essential element of an attempt as the intent and the performance of an overt act toward its commission. Evidence that a crime has been

committed will not sustain a verdict for an attempt to commit it, because the essential element of interception or prevention of execution is lacking.  (*Graham* v. *People*, 181 Ill. 477; *People* v. *Purcell*, 269 id. 467; *United States* v. *Quincy*, 6 Pet. 464; 1 Wharton on Crim. Law, sec. 173; 16 Corpus Juris, 113.)  When an indictment charges an offense which includes within it a lesser offense, the defendant, though acquitted of the higher offense, may be convicted of the lesser; but that rule cannot be applied to an attempt defined by the statute, because an essential element of the attempt is a failure to consummate the crime.  The statute only includes a case where there is a direct, ineffectual act toward the commission of crime.  If the evidence for the People proved the defendant guilty of the crime of larceny he could not be convicted for an attempt which failed.

The evidence for the People was that the defendant took the five beaded handbags out of the show-case where they were kept, which proved the felonious taking.  He put them in the inside pocket of the overcoat which he was carrying, so that he took complete physical control of the property and there was a complete severance from the possession of the owners from whom the bags were taken.  He took the overcoat containing the bags to another show-case about six feet away, where he laid the overcoat down, but if the goods were actually carried away even the least distance it was sufficient to constitute larceny.  Where a thief, being discovered in the very act of taking, immediately abandons or returns the thing he has nevertheless committed larceny.  Taking goods and putting them into a place for convenient removal is the taking of property, and if one takes the goods of another out of the place where they are put, although he is detected before they are actually carried from the owner's premises, the crime is complete, as in case of the removal of an article from one place to another in the same house.  (*State* v. *Wilson*, 1 N. J. L. 439.)  Any change

of location whereby complete·control of the article is transferred from the true owner to the thief is sufficient evidence of the taking away. (*Lundy* v. *State*, 60 Ga. 143.) Where a thief put his hand in the pocket of another and lifted a pocketbook, although he was prevented by the owner from removing it from the· pocket, it was held to be a taking. (*Harrison* v. *People*, 50 N. Y. 518.) The removal of goods from one place to another in a railway car constitutes a taking away. (*State* v. *Rozeboom*, 145 Iowa, 620.) The removal of goods from their accustomed place to another place in the same store is carrying away. (*State* v. *Higgins*, 88 Mo. 354.) If an article is secured by a string or chain which is not broken there is no taking which. will constitute larceny. So taking a coat from a dummy figure in a store, which was not carried away because it was attached to the dummy by a chain and the dummy attached to the building, did not constitute larceny. (*People* v. *Meyer*, 75 Cal. 383.) Attempting to remove brass journals from a railroad car but not actually succeeding in doing so did not constitute larceny. *State* v. *Knolle*, 90 Mo. App. 238.

When the defendant took the beaded bags from a showcase, put them in his overcoat pocket, carried them about six feet and laid the overcoat containing them on another show-case, he exercised complete and exclusive control over them. The evidence established the felonious taking which removed the beaded bags from the possession of the owners and the carrying away within the terms of the statute as construed by all courts, and the facts that the possession of the defendant was brief and the goods were not removed from the store are immaterial. The only evidence in the case for the People proved the crime of larceny, and the defendant could not be convicted of an attempt to commit the crime which failed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*