## STATE v BRANCH

Ohio Appeals, 9th Dist, Lorain Co

No 868.   Decided Dec 3, 1937

Howard R. Butler, Pros. Atty., Elyria, and Wm. G. Wickens, Asst. Pros. Atty., Lorain, for appellee.

Lawrence E. Appleton, Cleveland, for appellant.

## OPINION

By DOYLE, J.

The grand jury of Lorain County indicted the appellant, Stewart Branch, under §12415, GC, for unlawfully attempting "to rape or ravish, and carnally know Frances Good," a female person under the age of sixteen years. After arraignment and plea of not guilty, he was tried by a jury in the Court of Common Pleas, and upon completion thereof a verdict of "guilty of the offense charged in the indictment" was returned. A motion for new trial was filed, which the court overruled, and sentence was pronounced.

This court has before it an appeal on questions of law from the judgment of the trial court. The following assignments of error are presented:

"1. That the court erred in failing and neglecting to grant the motion made by the appellant at the close of the state's case to instruct the jury to return a verdict of not guilty.

"2. In that the court erred in failing and neglecting to grant the motion made by the appellant at the close of all the testimony taken to direct the jury to return a verdict of not guilty:

"3. The verdict of the jury is not sustained by sufficient evidence and is against the greater weight of the evidence.

"4. The verdict of the jury is contrary to law.

"5. The court erred in its charge to the jury."

The record discloses that the state, in the presentation of its case, offered the prosecutrix as its first witness. It is not necessary to set out her testimony in full. Suffice it to say that she testified that she had known the appellant for about a year and a half; that she had accompanied him on several

262

occasions, in his coupe automobile, and had participated in amorous experiences with him, such as permitting him to "play with her breasts" and to "feel underneath her clothes"; that on the evening of August 16, 1937, she again went with him in his automobile, and that after driving beyond the city limits and into the country he stopped the car; that for a short period of time they "smoked cigarettes" and "listened to the (car) radio"; that they then again indulged in the aforesaid embraces; that the appellant then got out of his car at the side where he had been sitting, got back into the single seated coupe where the prosecutrix was sitting, asked her to lie down on the seat, which she did, with her head under the steering wheel, and had intercourse with her.

The foregoing is a resume of the only direct evidence depicting the circumstances relied upon by the state to substantiate its charge. The defendant attempted to prove an alibi and denied specifically the accusations of the prosecutrix.

The chief claim of the appellant on this appeal is stated by him in the following language: "While appellant is not unmindful of the fact that the commission of an act also includes the attempt to commit it, if the attempt be a crime in Ohio, we say that an indictment which charges an attempt to commit an act in this kind of a case cannot be maintained by evidence which shows the commission of an act."

The following Code sections are pertinent:

**Sec 12414 GC:**
"Whoever, being eighteen years of age, carnally knows and abuses a female person under the age of sixteen years with her consent, shall be imprisoned," etc.

**Sec 12415 GC:**
"Whoever, being eighteen years of age, attempts to carnally know and abuse a female person under sixteen years of age, with her consent, shall be imprisoned," etc.

**Sec 13446-2 GC:**
"The jury may find the defendant not guilty of the offense charged, but guilty of an attempt to commit it if such attempt is an offense of law. When the indictment or information charges an offense, including different degrees, or if other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense."

From the foregoing sections it appears that under an indictment for rape with consent, a jury is authorized to ▮▮ return a verdict, based upon proper evidence, of guilt of attempt to rape with consent. The argument is advanced that proof of facts sufficient to warrant a conviction of rape includes proof of all of the essential elements of the included offense of attempt to rape. Can this premise be sustained?

In Ohio it has long been established that common law crimes do not exist, and that no act however atrocious can ▮▮ be punished criminally "except in pursuance of a valid statute or ordinance, lawfully enacted." It is equally well settled that "all of the elements necessary to constitute ▮▮ the crime must be gathered from the statute describing the offense, and not aliunde."

The indictment in the case before us charges an attempt to commit the crime of rape and such attempt is made a separate crime in itself. What is meant by an attempt to commit a crime and what are the essential elements of the offense? It has been judicially interpreted as consisting of three essentials: first, an intent to perpetrate a criminal act; second, the performance of some overt act towards its commission; third, the failure to consummate its commission.

The authors of the treatise on Criminal Law in 12 Ohio Jurisprudence, say, in §33, using almost verbatim the text of 8 Ruling Case Law, §294:

"The General Code provides that the jury may find the defendant not guilty of the offense charged, but guilty of an attempt to commit it, if such attempt is an offense at law. The question as to what constitutes an attempt to commit a crime is often difficult to determine, and no general rule has been or can be laid down which is applicable in all cases. Each case must be determined on its own facts, in the light of certain principles which appear to be well settled. An attempt to commit a crime may be defined as any overt act done with the intent to commit a crime, and which, but for the interference of some cause preventing the carrying out of the intent, would have resulted in the commission of the crime. An indictable attempt, therefore, consists of two elements: First, an intent to commit the crime; and second, a direct ineffectual act done towards its commission. It is to be observed that a failure to consummate the

crime is as much an element of an attempt to commit it as the intent and the performance of an overt act towards its commission. Hence, when a crime is actually consummated there can be no prosecution for an attempt."

See also—

The People v William Lardner, 300 Ill. 264; 133 NE 375; 19 A.L.R. 721.

Hill v State, 167 Sou. 606.

Can the text quoted supra be authority for the contention of the appellant?

Wharton, in the tenth edition of his treatise on "Criminal Procedure," says, in §1395:

"It has been often held in this country, that where, on an indictment for an assault, attempt, or conspiracy, with intent to commit a felony, it appears that the felony was actually consummated, it is the duty of the court to charge the jury that the misdemeanor merges, and that the defendant must be acquitted. It used to be supposed that at common law, whenever a lesser offense met a greater, the former sank into the latter; and hence, in a large class of prosecutions, the defendant would succeed in altogether escaping conviction. The reason for this is the old common law rule that a defendant charged with misdemeanor is entitled to greater privileges as to counsel and to a copy of the indictment than would a defendant charged with felony."

A further reading of the section supra reveals that it deals with the common law doctrine of merger.

It is apparent from the decided cases, which hold that one of the essential elements of the offense of an attempted felony is a failure of consummation, that they have adhered to principles propounded in the common law or to particular statutes in the states. And while this court is not unmindful of the great benefit derived by American jurisprudence from the principles of law pronounced by renowned jurists of the past, still we are ever conscious of the fact that the law is a living, vital thing. And while violent breaks with the past must come from legislation, there are manifold occasions when advance or retrogression is "within the competence of judges as their competence has been determined by practice and tradition."

It is true that the difference between rape with consent and attempted rape with consent is that in the former the rape is consummated, and in the latter it is not. The intent of the legislature was to pun-ish certain intentional overt acts. Certainly the legislature never intended that a person should be guiltless if the proof thereof was sufficient to prove, not only his commission of the offense charged, but in fact sufficient to prove him guilty of the consummation of an attempt to perpetrate the act made criminal.

So, applied to the facts in the instant case, it is of no consequence that the proof showed the consummation of the attempt to commit rape, for one cannot have sexual intercourse without attempting to do so. If the trying to do a thing is an offense, one is not exculpated because he succeeds in doing it. One charged with attempted rape with consent may be ▮▮▮▮▮ found guilty upon sufficient proof of the actual consummation of the rape.

The basis of the law is common sense; and in a case where justice has been had, a reviewing court should not adopt a strained or technical construction to defeat it. The legislature of Ohio has attempted to carry out this thought in §13449-5, GC, wherein it is stated: "No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court * * * for any variance between the allegations and the proof thereof unless the accused is misled or prejudiced thereby; * * * nor for any other cause whatsoever unless it shall affirmatively appear from the record that the accused was prejudiced thereby or was prevented from having a fair trial."

Other errors of which complaint is made have also been examined. We are of the opinion that there are none prejudicial to the rights of the defendant, and that justice was rendered after a fair trial.

Judgment affirmed.

STEVENS, PJ, and WASHBURN, J, concur in judgment.