THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PRIMITIVO RIVERA, Defendant-Appellant.

First District (3rd Division)   No. 1—87—3235

Opinion filed November 29, 1989.

Magee, Collins & Lodge, of Chicago (Brian M. Collins, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund and Gael M. O'Brien, Assistant State's Attorneys, of counsel), for the People.

JUSTICE WHITE delivered the opinion of the court:

Following a jury trial, defendant, Primitivo Rivera, was convicted of possession of a stolen motor vehicle and sentenced to three years of imprisonment. He prosecutes a timely appeal to this court seeking reversal of his conviction and sentence. He argues on appeal that: (1) the trial court erred in allowing the State to amend the indictment; (2) he was not afforded a fair trial because the trial court commented on the credibility of the witnesses; (3) the trial court erred in refusing to instruct the jury regarding the definition of stolen property and the offense of criminal trespass to vehicle; (4) in closing argument, the assistant State's Attorney misstated the law regarding stolen property

and shifted the burden of proof from the State to the defense; and (5) he was not proven guilty beyond a reasonable doubt. We reverse defendant's conviction and sentence.

The following testimony was adduced at trial.

Officer Victor Rivera of the Chicago police department was on patrol on the evening of November 19, 1985. As he was passing by a used car lot at 2050 North Western Avenue, he observed an individual trying to drive a blue Oldsmobile out of the lot. The car's headlights were not on. The car hit a cable stretched between two poles in the front of the lot. The cable did not break. Officer Rivera approached the driver of the car, whom he identified at trial as defendant, and asked him what he was doing in the car. Defendant replied that he had permission from the owner to move the car. Defendant also told Officer Rivera that the owner of the car was not at the lot. Officer Rivera turned the car's ignition off, took the keys out of the car and locked the car. Officer Rivera then placed defendant under arrest.

Officer Rivera contacted Vincent Burba, the owner of the used car lot, met Mr. Burba at the lot and inspected the blue Oldsmobile. The car was a two-door 1978 model with vehicle identification number 3B47H9M479049. On cross-examination, Officer Rivera testified that he did not lose sight of either defendant or the car from the time that he first observed defendant driving the car. The car could not be driven from the lot because of the cable.

Vincent Burba is a used car dealer. On November 19, 1985, he had approximately 20 cars for sale at his used car lot. Defendant came to the lot to discuss the purchase of a 1979 blue Oldsmobile Cutlass. Approximately 15 minutes later, defendant left the lot without buying the car. Mr. Burba closed the lot at 7 p.m. and secured the lot with a cable. In the early morning hours of November 20, 1985, Mr. Burba was contacted by the police department and told to go to the car lot. Mr. Burba met a police officer at the car lot and inspected the lot. Mr. Burba noticed that the blue Oldsmobile was rammed against the security cable and could not be driven any further. Mr. Burba testified that he did not give defendant permission to enter or drive the car.

On cross-examination, Mr. Burba denied that he had sold defendant a "lemon" a few weeks before the incident and that, in their conversation of November 19, 1985, defendant was trying to exchange the Oldsmobile for the "lemon." Mr. Burba testified that defendant was very pleased with the car that he had purchased and that defendant wanted to buy a second car. Mr. Burba also testified that the Oldsmobile did not leave the lot on November 19, 1985.

Opinion

Defendant was convicted of possession of a stolen motor vehicle. He maintains, however, that he was not proven guilty beyond a reasonable doubt. We agree.

Section 4—103 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103) provides in part:

"(a) It is a violation of this Chapter for:

(1) A person not entitled to the possession of a vehicle or part of a vehicle to receive, possess, conceal, sell, dispose, or transfer it, knowing it to have been stolen or converted ***."

Thus, a defendant may be convicted of a violation of section 4—103 if he possesses a vehicle knowing it to have been stolen or converted. The conviction may be predicated upon possession by the defendant of a vehicle stolen by a third person or a vehicle stolen by the defendant himself. (*People v. Washington* (1989), 184 Ill. App. 3d 703, 708, 540 N.E.2d 1014; *People v. Mijoskov* (1986), 140 Ill. App. 3d 473, 479-80, 488 N.E.2d 1374.) In the instant case, defendant's conviction was predicated upon possession of a vehicle that he allegedly stole.

Section 16—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 16—1) defense "theft" as follows:

"A person commits theft when he knowingly:

(a) Obtains or exerts unauthorized control over property of the owner; or

(b) Obtains by deception control over property of the owner; or

(c) Obtains by threat control over property of the owner; or

(d) Obtains control over stolen property knowing the property to have been stolen or under such circumstances as would reasonably induce him to believe that the property was stolen, and

(1) Intends to deprive the owner permanently of the use or benefit of the property; or

(2) Knowingly uses, conceals or abandons the property in such manner as to deprive the owner permanently of such use or benefit; or

(3) Uses, conceals, or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit."

The phrase "obtains or exerts control" over property "includes but is not limited to the taking, carrying away, or the sale, conveyance, or transfer of title to, or interest in, or possession of property." (Ill. Rev. Stat. 1985, ch. 38, par. 15—8.) The words "taking" and "carrying

away" are not defined in the statute. However, at common law, a taking was effectuated when a defendant obtained possession of property belonging to another person, that is when he exercised dominion and control over the property. There was a carrying away when a defendant moved property of another person. A carrying away presupposed a prior taking. 3 C. Torcia, Wharton's Criminal Law §369 (14th ed. 1980).

In the instant case, the evidence shows that defendant obtained the keys to the Oldsmobile and attempted to drive the car out of the used car lot. He was prevented from doing so by the security cable in front of the lot. The cable caught between the grill and bumper of the car and stopped the forward progress of the car. The cable did not break, and the car never left the lot.

The evidence shows that defendant did not assert exclusive control or obtain physical dominion over the Oldsmobile. Defendant drove the car a few feet but his control of the car was incomplete. Defendant did not drive the car out of the lot; he could not break the cable through which Mr. Burba asserted control over the car.

In our opinion, defendant did not take or carry away the Oldsmobile. Nor did he sell, convey, or transfer the title to, interest in, or possession of the Oldsmobile. We also believe that defendant did not, in any other way, obtain or exert control over the car. He did not deprive Mr. Burba of control over and possession of the car. The proof failed to show that defendant stole the vehicle. (See *People v. Mullinex* (1984), 125 Ill. App. 3d 87, 91, 465 N.E.2d 135 (defendant did not assert actual control over the vehicle and could not be found guilty of theft where he was apprehended before he could remove the ignition mechanism and activate the vehicle).) Thus, defendant could not be found guilty of possession of a stolen vehicle.

Our holding is in accord with the common law requirement that there must be a taking or caption of property before a defendant can be convicted of larceny or theft. At common law, where the defendant took property and walked away with it, but was frustrated in his design because it was attached by a chain or cord to some object or building, and the chain or cord was not severed, there was no larceny because there was no caption. (3 C. Torcia, Wharton's Criminal Law §381 (14th ed. 1980).) In *People v. Lardner* (1921), 300 Ill. 264, 267-68, 133 N.E. 375, our supreme court described the amount of control that a thief must exercise over property to be convicted of larceny:

> "Where a thief, being discovered in the very act of taking, immediately abandons or returns the thing he has nevertheless committed larceny. Taking goods and putting them into a place

for convenient removal is the taking of property, and if one takes the goods of another out of the place where they are put, although he is detected before they are actually carried from the owner's premises, the crime is complete, as in case of the removal of an article from one place to another in the same house. (*State v. Wilson*, 1 N. J. L. 439.) Any change of location whereby complete control of the article is transferred from the true owner to the thief is sufficient evidence of the taking away. (*Lundy v. State*, 60 Ga. 143.) Where a thief put his hand in the pocket of another and lifted a pocketbook, although he was prevented by the owner from removing it from the pocket, it was held to be a taking. (*Harrison v. People*, 50 N.Y. 518.) The removal of goods from one place to another in a railway car constitutes a taking away. (*State v. Rozeboom*, 145 Iowa, 620.) The removal of goods from their accustomed place to another place in the same store is carrying away. (*State v. Higgins*, 88 Mo. 354.) If an article is secured by a string or chain which is not broken there is no taking which will constitute larceny. So taking a coat from a dummy figure in a store, which was not carried away because it was attached to the dummy by a chain and the dummy attached to the building, did not constitute larceny. (*People v. Meyer*, 75 Cal. 383.) Attempting to remove brass journals from a railroad car but not actually succeeding in doing so did not constitute larceny. *State v. Knolle*, 90 Mo. App. 238."

See also *People v. Baker* (1937), 365 Ill. 328, 6 N.E.2d 665 (an essential element of larceny is a felonious taking by which the owner is deprived of possession and the thief acquires possession for an appreciable period of time, though such period may be but for a moment); *Blakeney v. State* (1943), 244 Ala. 262, 13 So. 2d 430 (to constitute larceny, there must be a severance of the possession of the owner and an actual possession by the wrongdoer); *Senter v. State* (Tex. Crim. App. 1967), 411 S.W.2d 742 (to constitute a taking, the property must be brought under the dominion and control of the defendant with the power to take it into his manual possession; if the property is attached to the owner or to something else the taking is not complete if the attempt to take the property is interrupted before it is severed or detached); *Clark v. State* (Tex. Crim. App. 1910), 128 S.W. 131 (in order to constitute theft the thief must have complete control of the thing sought to be stolen); *Herr v. State* (Tex. Crim. App. 1907), 105 S.W. 190 (things attached to a person must be severed therefrom before possession becomes absolute in the taker).

■ The offense of theft is now governed by statutory provisions. However, we believe that the common law requirement of caption is embodied in the statutory requirement that, to be convicted of theft, a defendant must "obtain or exert unauthorized control" over the property of another. (2 W. La Fave & A. Scott, Substantive Criminal Law §8.3 n.2 (1986).) The defendant must be shown to have asserted actual control or physical dominion over the property. In the instant case, defendant's control over the Oldsmobile was imperfect. Defendant did not sever Mr. Burba's control over the car and did not obtain exclusive control and possession of the car. Defendant did not effectuate a caption of the car and could not be found guilty of either theft or possession of a stolen vehicle.

Since we have determined that the proof failed to show that defendant was guilty beyond a reasonable doubt, we must reverse defendant's conviction and sentence. Accordingly, we need not consider the other contentions raised by defendant on appeal.

The judgment of the circuit court of Cook County is reversed.

Reversed.

FREEMAN, P.J., and RIZZI, J., concur.