(No. 69690.—

## THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. PRIMITIVO RIVERA, Appellee.

*Opinion filed November 30, 1990.—Rehearing denied February 4, 1991.*

Neil F. Hartigan, Attorney General, of Springfield, and Cecil A. Partee, State's Attorney, of Chicago (Terence M. Madsen, Assistant Attorney General, of Chicago, and Renee Goldfarb, Assistant State's Attorney, and Gael O'Brien, Special Assistant State's Attorney, of counsel), for the People.

Brian M. Collins, of Magee, Collins & Lodge, of Chicago, for appellee.

JUSTICE WARD delivered the opinion of the court:

The defendant, Primitivo Rivera, was convicted by a jury in the circuit court of Cook County of possession of a stolen motor vehicle under section 4—103 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 4—103) and was sentenced to three years' imprisonment. The appellate court reversed the conviction, holding that the defendant did not possess or obtain exclusive control over the automobile, as the statute requires for the commission of the offense. (191 Ill. App. 3d 977.) We granted the State's petition for leave to appeal (107 Ill. 2d R. 315) and now reverse the judgment of the appellate court and affirm the defendant's conviction.

The criminal charge stemmed from an occurrence on the late evening of November 19, 1985. On that evening, Officer Victor Rivera (no relation to the defendant) of the Chicago police department who was on patrol approached a used car lot on North Western Avenue in Chicago. Evidence at trial showed that the car dealership had been closed since 7 p.m. and that the car lot was unlighted. Officer Rivera saw a blue Oldsmobile without lights being driven through the car lot. As he watched, the car was driven into a cable that extended between two poles at the entrance to the lot. The cable did not break and the car was not driven from the lot. Because the cable was caught between the grill and the bumper,

the car could not be moved. Officer Rivera approached the car and asked the driver, the defendant, what he was doing in the car. The defendant replied that he had permission of the owner to move the car and when asked whether the owner was on the lot, the defendant said, "No." At this point, Officer Rivera placed the defendant under arrest.

At the police station, Officer Rivera called Vincent Burba, the owner of the car lot who stated that he had not given the defendant permission to drive or to move the car.

During the day on November 19, 1985, the defendant had come to the car lot and had talked to Burba about buying the blue Oldsmobile but left without purchasing the car. At 7 p.m., Burba closed his office and placed the cable across the entrance to the lot.

Officer Rivera and Burba were the witnesses at the trial at which the defendant was found guilty of possession of a stolen motor vehicle. As stated, the appellate court reversed the conviction holding that the State had not established that the defendant had obtained exclusive possession of the car or that he took or carried away the car. It considered that since the security cable did not break and the defendant did not remove the car from the owner's lot, the owner did not relinquish control or possession of the car.

The State argues that the appellate court erred in holding that the car was not stolen. It argues that this court explained the definitions of "possession" and "stolen" in *People v. Lardner* (1921), 300 Ill. 264, and cites *People v. Davenport* (1988), 176 Ill. App. 3d 142, and *People v. Robinson* (1986), 147 Ill. App. 3d 131, to support its contention that a car is stolen under section 4—103(a)(1) of the Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 4—103(a)(1)) when it is moved without the owner's permission from the place where the owner

parked it. The State stresses that there is no requirement in the statute that under the circumstances here a car must be driven off of the owner's premises in order to be stolen and that the cable did not prevent the defendant from exercising exclusive control over the car as he, without the owner's consent, drove it through the car lot.

The defendant responds that the appellate court correctly held that a theft necessitates a "taking," which requires complete physical control by the offender so that there is a complete severance from the possession of the owner.

The State argues that the owner's possession of the car was severed when the defendant moved the car from where it had been parked. Though the defendant did not drive the car off the lot, he possessed the car for an appreciable amount of time without the owner's permission.

The defendant was convicted of possession of a stolen motor vehicle. Under section 4—103 of the Illinois Vehicle Code, it is a violation for one "not entitled to the possession of a vehicle *** to receive, possess, *** or transfer it, knowing it to have been stolen or converted." (Ill. Rev. Stat. 1983, ch. 95½, par. 4—103.) The defendant's conviction was for the possession of the motor vehicle he drove through Burba's lot.

A person commits theft when he knowingly "[o]btains or exerts unauthorized control over property of the owner." (Ill. Rev. Stat. 1983, ch. 38, par. 16—1(a); *People v. Cramer* (1981), 85 Ill. 2d 92, 100.) The provision " 'obtains or exerts control' over property" is defined as including "the taking, carrying away, *** or possession of property." (Ill. Rev. Stat. 1983, ch. 38, par. 15—8; see *People v. Soskins* (1984), 128 Ill. App. 3d 564, 570.) This court has held that, when one takes personal property and secretes it from the owner, he is

exercising complete and exclusive control over it, and the fact that his possession is brief and that the article is not taken from the owner's premises is not material. (*People v. Baker* (1936), 365 Ill. 328, 332; *Lardner*, 300 Ill. 264 (the defendant took handbags from a showcase, concealed them in his coat, was confronted by a sales person, and left the coat in the store; held: completed theft); see also 2 W. LaFave & A. Scott, Substantive Criminal Law, §8.2(i), at 345 (1986) ("One may be said to have taken another's property *** though he has not removed it from the other's premises or from his presence").) This court has held that "[a]ny change of location whereby complete control of the article is transferred from the true owner to the thief is sufficient evidence of the taking away." *Lardner*, 300 Ill. at 267-68, citing *Lundy v. State* (1878), 60 Ga. 143.

As stated, the fact that the article is not taken from the owner's premises is immaterial. (*Baker*, 365 Ill. at 332.) The defendant exercised exclusive control over the car when he got in the car, started it, and drove it through the lot.

The elements of theft include a "felonious taking by which the owner is deprived of possession and the thief acquires such possession for an appreciable period of time, although it may be only for a moment." (*Baker*, 365 Ill. at 332; *Lardner*, 300 Ill. at 266.) Where a thief, having taken possession of the property with intent to steal, "takes property from the place where it is regularly kept[,] the crime is complete though he is detected and stopped before the goods are actually carried from the owner's premises." (*Baker*, 365 Ill. at 332.) This is true even if "a thief, being discovered in the very act of taking, immediately abandons or returns the thing [he is accused if stealing]." *Lardner*, 300 Ill. at 267.

In *Lardner*, the court observed too: "If an article is secured by a string or chain which is not broken there

is no taking which will constitute [theft]." (*Lardner*, 300 Ill. at 268.) The court referred also to *People v. Meyer* (1888), 75 Cal. 383, 17 P. 431, where it was held that the owner's possession was not severed when the defendant grabbed a coat displayed and chained to a mannequin. The defendant argues that a string or chain can preserve the owner's possession of the property and states, as the appellate court reasoned, that the security cable served as a string or chain to the owner's possession. The comparison is not apt because here the owner's possession was not unbroken. The defendant took complete though unauthorized control of the car by getting in it, starting it, and driving it through the car lot without the owner's permission. It can be seen from this court's above-cited decisions that this action of the defendant satisfied the requirements of theft. It cannot be said that the owner retained control of the car. The security cable did not serve as a chain to Burba's possession of the car; it simply prevented the defendant from driving off with it.

The defendant argues that he did not violate section 4—103(a)(1) (Ill. Rev. Stat. 1983, ch. 95½, par. 4—103(a)(1)) (possession of a stolen motor vehicle) because he did not possess the car. He contends that the security cable made it physically impossible for him to divest Burba of possession of the car. What we have already said, rejecting the defendant's contention that there was no theft, applies to reject the claim that the defendant was not in possession of the car.

To be convicted of possession of a stolen motor vehicle, the State must establish that the defendant, without permission, possessed the owner's car knowing it to have been stolen. (Ill. Rev. Stat. 1983, ch. 95½, par. 4—103(a)(1).) Here, the defendant got into the car, started it, and drove it around the car lot without permission from Burba. The testimony of the owner,

Burba, that he did not give permission to the defendant to use the auto was uncontradicted.

For the reasons given, the appellate court's judgment is reversed, and the circuit court judgment is affirmed.

*Appellate court judgment reversed;*
*circuit court judgment affirmed.*