THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE A. WOODS, Defendant-Appellant.

(No. 72-283;

Fifth District—February 8, 1974.

Robert E. Farrell, Deputy Defender, of Mt. Vernon (Richard E. Cunningham, Assistant Appellate Defender, of counsel), for appellant.

Herbert J. Lantz, Jr., State's Attorney, of Chester (James W. Jerz and Martin P. Moltz, both of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

The defendant was charged with the offense of theft over $150. He pleaded guilty and was sentenced, pursuant to a plea agreement, to serve one to two and one-half years in the penitentiary.

The defendant asserts that the trial court failed to comply with Supreme Court Rule 402(a)(1) and (c) when it accepted the guilty plea.

■■ Rule 402(a)(1) requires the court to determine that the defendant understands the nature of the charge. The court informed the defendant that he was charged with committing a theft in excess of $150, but the court did not read the information or further explain the alleged offense. The only other attempt to comply with subsection (a)(1) was the following:

"Court: First of all let me ask you this, what is your understanding in your own words what the nature of this particular charge is? What did you do wrong in other words?

Defendant: I got drunk one night and kidding my partner and said let's go to Sparta and joy ride and so we were all drinking and came to Sparta and he said this guy, we said we will get our own car, we don't have to ride in your car. I pushed the car out of the yard and he got in and I never got in the car. When the police came I woke up and I said what are we doing in jail and they said for auto theft.

Court: That auto you helped apprehend for you and your buddy you didn't own that car?

Defendant: No, sir.

Court: Show the Court states in the record that the defendant understands the nature of the charge * * *."

In *People v. Ingeneri*, 7 Ill.App.3d 809, 288 N.E.2d 550, this court, interpreting Rule 402(a)(1), stated that the trial court must inform the defendant of the essential elements of the crime charged. A necessary element of the crime of theft as charged in the indictment in the instant case is that the defendant had the intent to permanently deprive the owner of the stolen property. (Ill. Rev. Stat., ch. 38, sec. 16—1.) The trial court did not inform the defendant of that element of the crime or in any way ascertain that the defendant understood that element.

■■ A copy of the criminal information was read to the defendant at an earlier proceeding, and the defendant stated that he understood the charge. That should not be determined to constitute compliance with subsection (a)(1), however, because the proceeding was more than four months before the defendant pleaded guilty. The defendant was not then represented by counsel and the judge who accepted the guilty plea was not the judge who had earlier read the information to the defendant.

■■■ The record also indicates that the trial court failed to comply with Rule 402(c) which requires that the trial court determine that there is a factual basis for the guilty plea. The only relevant portions of the record are the defendant's admission that he was guilty and the defendant's statement previously cited.

The offense of theft is defined as:

"A person commits theft when he knowingly:

  (a) Obtains or exerts unauthorized control over property of the owner \* \* \*, and

    (1) Intends to deprive the owner permanently of the use or benefit of the property; or

    (2) Knowingly uses, conceals or abandons the property in such manner as to deprive the owner permanently of such use or benefit; or

    (3) Uses, conceals or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit." Ill. Rev. Stat., ch. 38, sec. 16—1.

The defendant was charged with theft as defined in section 16—1(a)(1). Therefore, an "intent to permanently deprive" was an essential element of the offense charged. The defendant's statement that he and his friends were going "joy riding" on the evening of the alleged car theft, however, suggests that the intent element of the crime did not exist. The term "joy riding" generally carries the connotation of "borrowing" the car for an evening rather than a taking with the "intent to permanently deprive". The committee comments to section 16—1 gives recognition to this connotation by stating:

"Subsection (3) is not intended to convert all 'joyriding' escapades into theft unless the abandonment of the vehicle is under such circumstances that the owner probably, at the time of abandonment, would be deprived permanently of the use or benefit of his car."

That language indicated that "joyriding escapades" are not to be treated as "thefts" but rather as "Criminal Trespass to Vehicles" pursuant to Ill. Rev. Stat., ch. 38, sec. 21—2. Because the defendant's statement indicated that an element of theft did not exist, and because the court relied entirely upon the statement to establish a factual basis for the guilty plea, we believe that the trial court did not comply with Rule 402(c).

This court's decision in *People v. Edmonds,* 15 Ill.App.3d 1073, 305 N.E.2d 346, is in point. In *Edmonds* the defendant pled guilty to voluntary manslaughter, and the court relied entirely upon a statement of the defendant to establish a factual basis. The defendant admitted shooting the deceased but indicated that she may have been legally justified. The absence of legal justification is, of course, an essential element of the offense of voluntary manslaughter. This court, in holding that Rule 402(c) was not complied with, cited the following language from *People v. Serrano,* 15 N.Y.2d 304, 308, 258 N.Y.S.2d 386, 388, 206 N.E.2d 330, 332:

"Where * * * the trial court, before accepting the plea of guilty, properly inquires of the defendant as to the circumstances and details of the crime to which he is admitting his guilt, the mere mouthing of the word "guilty" may not be relied upon to establish all the elements of that crime. In such case, the requisite elements should appear from the defendant's own recital and, if the circumstances of the commission of the crime as related by the defendant do not clearly spell out the crime to which plea is offered, then, the court should not proceed, without further inquiry, to accept the guilty plea as a valid one."

In the instant case, after the defendant stated that he was going "joy riding", the court should not have proceeded without inquiring further to determine that the defendant possessed the requisite intent to commit the alleged offense.

Consequently, the defendant's conviction is reversed because the trial court failed to comply with Rule 402(a)(1) and (c). The judgment of the Circuit Court of Randolph County is reversed and remanded with directions to permit the defendant to plead anew.

Reversed and remanded with directions.

EBERSPACHER and CREBS, JJ., concur.