(No. 46787.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. DANNY R. DAWSON, Appellee.

*Opinion filed March 24, 1975.*

William J. Scott, Attorney General, of Springfield (James B. Zagel and Raymond McKoski, Assistant Attorneys General, of counsel), for the People.

Michael J. Costello, of Springfield, for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

An indictment in the circuit court of Morgan County charged the defendant, Danny R. Dawson, in count I with the murder of Charles McKinney, in count II with the murder of McKinney while committing the forcible felony of armed robbery, and in count III with the armed robbery

of McKinney. All three charges arose out of the November 16, 1971, robbery and murder of Charles McKinney, a service station attendant in Jacksonville, Illinois. David L. Hawkins, the defendant's companion, pleaded guilty to the charge of murder and was sentenced to imprisonment in the penitentiary for not less than 35 nor more than 95 years. The present defendant, Dawson, pleaded not guilty, and after a trial, the jury found him guilty of armed robbery, but not guilty of murder.

The Appellate Court for the Fourth District, Justice Smith dissenting, held that the verdicts were inconsistent and therefore reversed the defendant's conviction on the armed robbery charge. (19 Ill. App. 3d 150.) We granted leave to appeal.

It is undisputed that David Hawkins robbed and shot to death Charles McKinney. At the defendant's trial, Hawkins testified that he and the defendant had been drinking together on the evening of November 15. As they drove to Jacksonville from a nearby town, the defendant suggested that he knew a gas station which they could easily rob. They stopped at the gas station and both went in and bought cigarettes. After buying the cigarettes they drove around the block and Hawkins stated that the defendant handed him a handgun belonging to the defendant and said, "Go ahead" and "If the dude gives you any trouble, just shoot him." Dawson, on the other hand, testified that he and Hawkins had never discussed robbing the gas station, that Hawkins had gone back and committed the crime on his own after the defendant's car had broken down several blocks from the service station, and that he was unaware that Hawkins had robbed the station until after they had driven out of town.

The jury was given an Illinois Pattern Jury Instruction (IPI Criminal No. 5.03), which states:

"A person is responsible for the conduct of another person when, either before or during the commission of a crime, and with the intent to promote or facilitate the

commission of a crime, he knowingly solicits, aids, abets, agrees or attempts to aid the other person in the planning or commission of the crime."

This instruction was followed by a description of the elements of the offense of armed robbery and the requisite proof of that offense. The court then gave IPI Criminal instruction 7.02:

"To sustain the charge of murder, the State must prove the following propositions:

*First:* That the defendant performed the acts which caused the death of [Charles Duane McKinney];
*Second:* That when the defendant did so,  ·
[1] he intended to kill or do great bodily harm to [Charles Duane McKinney], or
[2] he knew that his act would cause death or great bodily harm to [Charles Duane McKinney], or
[3] he knew that his acts created a strong probability of death or great bodily harm to [Charles Duane McKinney], or
[4] he was attempting to commit or was committing the crime of [armed robbery].

If you find from your consideration of all the evidence that *each* of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that *any* of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty." (Emphasis added.)

The appellate court majority treated the case as though it involved only a verdict of not guilty of felony murder under the accountability statute, and a verdict of guilty of armed robbery. Considering the case upon this assumption, we do not agree with the reasoning of the majority. Rather we think that the appropriate considerations are those discussed by Judge Friendly in *United States v. Carbone* (2d Cir. 1967), 378 F.2d 420:

"The very fact that the jury may have acquitted of one or more counts in a multicount indictment because of a belief that the counts on which it

was convicted will provide sufficient punishment, see Steckler v. United States, *supra,* 7 F.2d at 60, forbids allowing the acquittal to upset or even to affect the simultaneous conviction. We have repeatedly so held, *e.g.,* in United States v. Coplon, 185 F.2d 629, 633, 28 A.L.R. 2d 1041 (2 Cir. 1950), cert. denied, 342 U.S. 920, 72 S. Ct. 362, 96 L. Ed. 688 (1952), United States v. Marcone, 275 F.2d 205 (2 Cir.), cert. denied 362 U.S. 963, 80 S. Ct. 879, 4 L. Ed. 2d 877 (1960), and United States v. King, 373 F.2d 813, 815 (2 Cir. 1967). Indeed, if the rule were otherwise, the Government would be entitled to have the jury warned that an acquittal on some counts might undermine a guilty verdict on others—almost the opposite of the standard instruction, which is obviously beneficial to criminal defendants, and which the judge gave here without objection. It is true, as both Judge Hand and Mr. Justice Holmes recognized, 7 F.2d at 60, 284 U.S. at 394, 52 S. Ct. 189, that allowing inconsistent verdicts in criminal trials runs the risk that an occasional conviction may have been the result of compromise. But the advantage of leaving the jury free to exercise its historic power of lenity has been correctly thought to outweigh that danger. See United States v. Maybury, *supra,* 274 F.2d at 902-903." 378 F.2d 420, 422-423; see also *Dunn v. United States* (1932), 284 U.S. 390, 76 L. Ed. 356, 52 S. Ct. 189; *People v. Hairston* (1970), 46 Ill.2d 348.

But we think that the assumption upon which the appellate court majority considered the case failed to take into account the problems that confronted the jury. While the indictment contained three counts, only two forms of verdict were given to the jury—one form covering murder and the other armed robbery. The instruction dealing with

murder (IPI Criminal 7.02) could have easily confused the jury because it provided that the jury had to find Dawson guilty beyond a reasonable doubt of *each* of the propositions listed in the instruction. Also, under the instructions which were given, the jury was required to find that the defendant, Dawson, had "performed the acts which caused the death of Charles Duane McKinney" or that "when the defendant did so he intended to kill or do great bodily harm to Charles Duane McKinney." The evidence, however, clearly indicated that it was Hawkins, alone, who committed the murder. It is true that the jury was given an accountability instruction (IPI Criminal 5.03); this instruction, however, was never incorporated into a murder instruction. We cannot assume that the jury took this abstract accountability instruction and used it to rewrite the murder instruction.

The "inconsistency" upon which the appellate court reversed the defendant's conviction of armed robbery was therefore nonexistent, and for that reason the judgment of the appellate court is reversed. Because other errors were asserted by the defendant which were not considered by the appellate court, the cause is remanded to that court for further consideration.

*Reversed and remanded.*