THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLARENCE L. LATHAM, Defendant-Appellant.

(No. 74-98;

Third District—July 31, 1975.

*Rehearing denied September 9, 1975.*

Bissonnette, Nutting, Thacker & Sacks, of Kankakee (Leonard Sacks, of counsel), for appellant.

Edward Drolet, State's Attorney, of Kankakee, for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant Clarence Latham was indicted in the Circuit Court of Kankakee County on two charges: Count I charged the offense of aggravated battery and Count II charged the offense of aggravated battery while armed with a deadly weapon. Both charges arose out of a fight where the victim David Bates was severely cut and beaten. Latham pleaded not guilty, and, after a trial, the jury found him guilty of the charge in Count I, but did not reach a verdict on Count II.

The trial took place on July 3, 1973, the day before a holiday weekend, and the court had indicated a desire that the trial be concluded in 1 day so as not to inconvenience the jurors over the holiday. The jury retired for deliberation at about 6:40 p.m. on July 3, and at approximately 11 p.m. the bailiff attending the jury knocked on the jury room door and told the foreman that if a verdict was not reached soon, arrangements would have to be made for the jurors to stay overnight at a hotel. The foreman told the rest of the jurors and, 15 minutes later, the jury came in with its verdict. The court imposed a minimum of 2 years' and a maximum of 6 years' sentence, and, on appeal, the defendant has advanced four grounds for reversal: that the verdicts on the two counts were inconsistent; that the bailiff's communication with the jury was improper; that the defendant was not proven guilty beyond a reasonable doubt; and that the sentence was excessive.

■■ As to his first contention, the Illinois rule is: " 'In law there is no inconsistency in verdicts of acquittal and conviction upon charges of crimes composed of different elements, but arising out of the same state of facts.' " (*People v. Hairston*, 46 Ill.2d 348, 362, 263 N.E.2d 840, 849 (1970).) Recently the supreme court has reaffirmed this principle in *People v. Dawson*, 60 Ill.2d 278, 326 N.E.2d 755 (1975), adopting the language of *United States v. Carbone*, 378 F.2d 420 (2d Cir. 1967), as follows:

" 'The very fact that the jury may have acquitted of one or more

counts in a multicount indictment because of a belief that the counts on which it was convicted will provide sufficient punishment \* \* \* forbids allowing the acquittal to upset or even to affect the simultaneous conviction. We have repeatedly so held \* \* \*. Indeed, if the rule were otherwise, the Government would be entitled to have the jury warned that an acquittal on some counts might undermine a guilty verdict on others—almost the opposite of the standard instruction, which is obviously beneficial to criminal defendants, and which the judge gave here without objection. It is true, as both Judge Hand and Mr. Justice Holmes recognized, \* \* \* that allowing inconsistent verdicts in criminal trials runs the risk that an occasional conviction may have been the result of compromise. But the advantage of leaving the jury free to exercise its historic power of lenity has been correctly thought to outweigh that danger. \* \* \*' " [Citations.] 60 Ill.2d 278, 280-81, 326 N.E.2d 755, 757.

In order to apply these rules to the case before us, it is necessary to examine the specific offenses charged in the two counts of the indictment. Count I charged the offense of aggravated battery by striking and cutting David Bates about the body with a straight razor, thereby causing great bodily harm. Count II charged that defendant committed aggravated battery while armed with a deadly weapon, to-wit: a straight razor, by striking and cutting David Bates about the body, thereby causing bodily harm.

■■ The "great bodily harm" aggravated battery charge set out in Count I brought under section 12—4(a) of the Criminal Code (Ill. Rev. Stat., ch. 38, § 12—4(a)) requires proof that the victim suffered great bodily harm, but not proof that a deadly weapon was used in inflicting such harm, while the "deadly weapon" aggravated battery charge set out in Count II under section 12—4(b) (Ill. Rev. Stat., ch. 38, § 12—4(b)(1)) requires proof that the defendant used a deadly weapon in inflicting bodily harm, without requiring that the bodily harm inflicted be "great." We believe there is a substantial difference between the elements of the crimes charged in the two counts from which the jury properly could, and obviously did, reach the two verdicts, and, hence, we do not find any merit to the argument of inconsistency of verdict from the record in this case. The verdicts were legally consistent, if not logically so, and defendant's claim of a right to reversal must be denied.

■■ The defendant next contends that the communication between the bailiff and the foreman of the jury was reversible error and his motion for mistrial should have been granted. All the jurors on questioning subsequent to verdict stated that the communication had no effect on their

verdict. The defendant has failed to present any evidence of prejudice resulting from the communication. Illinois recognizes the rule of law that a bailiff's conversation with a jury is not reversible error unless the defendant can show how he was prejudiced. (*People v. D'Argento*, 106 Ill.App.2d, 36, 40, 245 N.E.2d 501 (1st Dist. 1969). See *People v. Clark*, 52 Ill.2d 374, 392, 288 N.E.2d 363 (1972).) We find no intent to influence the jury's decision, nor any injury or prejudice to the rights of the defendant from the facts as presented by this record.

■■ Defendant next urges reversal because he was not proven guilty beyond a reasonable doubt and because the sentence was excessive. Courts of review will not substitute their judgment for that of the triers of fact who have had the opportunity to observe the witnesses, unless the evidence is so unreasonable, improbable or unsatisfactory as to justify a reasonable doubt of the defendant's guilt. (*People v. Hood*, 59 Ill.2d 315, 327, 319 N.E.2d 802, 809 (1974); *People v. Oliver*, 11 Ill. App.3d 152, 156, 296 N.E.2d 70, 73 (3d Dist. 1973).) After reviewing the entire record, we find that the evidence presented was more than sufficient to prove defendant's guilt, and no useful purpose would be served in discussing that evidence.

Lastly, the defendant's contention that the sentence was excessive because there were no findings of fact made by the court in sentencing in excess of the minimum as required by section 5—8—1(c)(4) of the Unified Code of Corrections (Ill. Rev. Stat., ch. 38, § 1005—8—1(c)(4)) is without merit. The trial judge very clearly stated his reasons for a sentence greater than the minimum by indicating that he did not find the defendant rehabilitated, that the crime was senseless and brutal, and that imprisonment was necessary for the protection of the public.

For the reasons stated herein, the judgment of the Circuit Court of Kankakee County is affirmed.

Affirmed.

ALLOY, P. J., and BARRY, J., concur.