THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHNNY GRAYDON, Defendant-Appellant.

Fourth District   No. 13032

Opinion filed June 10, 1976.

Richard J. Wilson and Bruce Stratton, both of State Appellate Defender's Office, of Springfield, for appellant.

John G. Satter, Jr., State's Attorney, of Pontiac (G. Michael Prall, of Illinois State's Attorneys Association, and Jeffrey B. Levens, Law Student, of counsel), for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant was convicted of theft and robbery following jury verdicts. He appeals the convictions and the respective concurrent sentences of 2 to 6 and 5 to 15 years.

The issues argued upon appeal are that (1) the prosecution failed to prove that defendant intended to permanently deprive the owner of the use of the automobile taken[1] and (2) that the sentence of 5 to 15 years for the offense of robbery was excessive.

Between 10 p.m. and midnight one evening, the complainant was driving his car on I-55 from Morton Grove, Illinois, to Joliet, Illinois, when he picked up the defendant, a hitchhiker. When the complainant was about to let defendant out of the car, defendant turned to complainant and told him that, unless he continued to drive, defendant would shoot him. As they proceeded south on I-55, defendant asked for and received complainant's wallet which contained $26. At defendant's insistence, they pulled over to the side of the road at which time they switched places and defendant informed complainant that they were going to drive to Memphis, Tennessee.

About 10 to 20 miles further down the road, defendant pulled into a gas station near Dwight, Illinois, where complainant jumped out of the car and ran towards a uniformed police officer who was standing at the station door. Complainant told the officer that defendant had a gun and was stealing his car. As the police officer moved toward the car, defendant drove out of the station at a high rate of speed. As defendant headed south on I-55, he was pursued by two officers and the complainant in a squad car. A high speed chase ensued but the officers were unable to catch defendant and lost sight of him just north of Odell, Illinois. After continuing along I-55 for a few more miles, the officers turned off I-55 at Odell where they observed the car parked near a gas station and defendant walking away from it. Defendant was then taken into custody.

Relying upon *People v. Woods*, 17 Ill. App. 3d 835, 308 N.E.2d 856, defendant first argues that his short drive and subsequent abandonment of the vehicle was merely a "joy ride," and thus evidence of intent to permanently deprive was not sufficiently established so as to sustain the theft conviction. *Woods* involved a guilty plea to the charge of theft, and the trial court's failure to determine that there was a factual basis for the plea and that defendant understood the nature of the charge as required by Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402). In that case, the factual basis was not sufficient to support the plea because the defendant indicated that, in taking the car, he intended to "joy ride" only.

---

[1] Ill. Rev. Stat. 1973, ch. 38, par. 16—1(d)(1).

A more analogous case is *People v. Wright*, 24 Ill. App. 3d 26, 320 N.E.2d 483. In that case, the defendant and another man robbed the complainant and took the complainant's car from his presence. The complainant managed to escape, a high speed police chase followed, and the car collided with another vehicle. On appeal from a theft conviction, the court rejected defendant's argument that he was merely "joy riding," and that there was therefore insufficient evidence of an intent to permanently deprive.

In the instant case, as in *Wright*, the defendant took the car from complainant's presence by force, and when pursued by police, drove away at a high rate of speed. Defendant relies heavily upon the fact that he was walking away from the car when taken into custody.

The record shows that the car was an easily identifiable yellow Stingray and that having fled with officers in hot pursuit, defendant could certainly expect that all police would be watching for such vehicle. Nothing in the record suggests that defendant was simply leaving the car for the owner to recover.

■■ The taking of articles with intent to steal, however brief defendant's control over them, may constitute theft. (*City of Joliet v. Gregorec*, 12 Ill. App. 3d 998, 299 N.E.2d 356.) The intent to permanently deprive the owner of the use of the vehicle is a question for the trier of fact. (*People v. Graham*, 27 Ill. App. 3d 408, 411, 327 N.E.2d 261.) The verdict of a jury in a criminal case will not be disturbed unless the supporting evidence is improbable, unconvincing, or contrary to human experience. *People v. Butler*, 21 Ill. App. 3d 331, 332, 315 N.E.2d 144.

■■ Defendant next argues that his sentence of 5 to 15 years for the offense of robbery is excessive and should be reduced. Contrary to defendant's assertion, it appears from the record that the trial judge was aware that he was sentencing defendant for robbery rather than armed robbery. Moreover, defendant has not shown that the trial court abused its discretion in the imposition of the 5- to 15-year sentence.

Defendant's convictions and sentences are affirmed.

Affirmed.

CRAVEN and GREEN, JJ., concur.