THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MAURICE E. DEPPER, a/k/a Maurice Starner, Defendant-Appellant.

Fourth District    No. 16121

Opinion filed October 7, 1980.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Lee Plummer, State's Attorney, of Jerseyville (Gary J. Anderson and Larry Wechter, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant, Maurice E. Depper, a/k/a Maurice Starner, was charged in the circuit court of Jersey County with the offenses of burglary and

theft of property of a value exceeding $150 (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(e)(3)). The offenses were alleged to have occurred on November 13 or 14, 1979. After a trial by jury, he was acquitted of burglary but convicted of the felony theft charge by an order of February 6, 1980. On February 13, 1980, he was sentenced to an extended term of 6 years' imprisonment.

Defendant appeals asserting (1) the evidence was insufficient to prove beyond a reasonable doubt that property of a value exceeding $150 was stolen by him, and (2) the court erred in sentencing. He has not requested a new trial, and at oral argument his counsel expressly stated that he did not wish that relief. Rather, he asks that the theft conviction be reduced to that of misdemeanor theft (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(e)(1)) and that he be resentenced accordingly.

The proof of the *corpus delicti* was not disputed. Evidence showed that a station wagon parked outside a service station in Brighton in Jersey County was broken into on the night of November 13, 1979, or the early morning hours of November 14, 1979, and a set of jumper cables, a tray of tools, and an engine starting unit, all of which were inside the vehicle, were taken away. A vehicle registration permit in defendant's name was found a few hours after the theft near the station wagon. Later, on November 14, the jumper cables were found in defendant's truck.

The local police chief and an officer testified that when defendant was interviewed on the 14th, he claimed to own the cables. The officer testified that defendant had said that he had owned them for about two weeks. At trial defendant testified he had been at the service station on the night of the offense attempting to use its restroom, but found the building closed. He stated that he found the cables lying, apparently abandoned, on the ground and took them. The owner of the stolen items testified to the cables having a value of about $100 and the starting unit of about $1000.

Although no new trial is requested, certain proceedings which took place during jury deliberations concern the contentions of the parties. The jury retired at 4:20 p.m. on February 4, 1980. At 4:45 p.m. that date a paper was given by the jury to the bailiff for delivery to the court. On it was stated the question, "Which side of the station wagon did Depper pull his truck in on?" The court sent to the jury a written message stating, "The court cannot answer that question." At 5:10 p.m. that date another writing was sent to the court stating, "Does the State have to prove that Depper took all items out of the station wagon, or just the jumper cables? Is theft all items in station wagon or just jumper cables?" The court then responded with a written direction stating, "Read the instruction 'to sustain the charge of theft, etc.' " Then the court was sent another message

which stated, "To sustain theft instruction is unclear. We are not able to determine if 'property' is all property. Please define property." The court responded with a note saying, "The court cannot define property."

At 7:20 p.m. a note containing the following question was sent by the jury to the court: "Can we find defendant guilty or not guilty of theft under $150.00?" and the court answered with a note saying, "No." Finally at 8:45 the court received from the jury a note saying, "Sustain Theft. 2nd: That the defendant knowingly obtained or exerted unauthorized control over the property; and Does property mean all the property or any part of the property listed." The court responded with the message: "Follow the instructions given you by the court."

At 9:42 p.m. the jury returned verdicts finding defendant not guilty of burglary but guilty of theft of property of a value exceeding $150.

Defendant does not dispute that the evidence could support a jury determination that he committed a theft of the jumper cables, the value of which was not shown to be over $100, and was thus at least guilty of misdemeanor theft. The parties dispute whether the evidence was sufficient to support a determination that he also stole the starting unit, thus causing the value of the property taken to exceed $150.

■■ The legal principle is well established that the recent unexplained exclusive possession of stolen property by an accused may be considered by a trier of fact as an inference that he stole the property. (*People v. Stock* (1974), 56 Ill. 2d 461, 309 N.E.2d 19.) Here, defendant admitted taking the cables, and his explanation that he thought them to be abandoned because they were on the ground could have been rejected by the jury as being unbelievable beyond a reasonable doubt. This evidence was the major proof of defendant's theft of the cables. Authority also exists for a rule that where, as here, theft of various items of property has been shown, the unexplained exclusive possession of *part of the property stolen* by an accused also gives rise to the inference that the accused stole all of the property. 52A C.J.S. *Larceny* § 105, at 592 (1968); 50 Am. Jur. 2d *Larceny* § 149, at 330 (1970).

Consistent with the foregoing rule is the decision in *People v. Dayani* (1973), 16 Ill. App. 3d 615, 306 N.E.2d 488, where an envelope containing several checks of a total payable amount of over $5,000 was taken from a vault in a hotel. That defendant's conviction for theft of property having a value in excess of $150 was affirmed upon evidence showing (1) he was working near the vault at the time of the theft, (2) he and others had access to the vault, and (3) he was shown to have had later possession of some checks with a total face amount of only about $60. *Dayani* differs from the case before us only in that there property totaling over $150 was all in the same container, an envelope, while here the items were not in the

same container. There, as here, the possibility existed that the items tied to the defendant could have dropped to the ground and, as claimed by defendant here, been picked up by him.

We hold the evidence here to have given rise to an inference that defendant stole the starting unit and tray of tools as well as the cables. In finding defendant's guilt of the felony theft to have been proved beyond a reasonable doubt, the jury had the benefit of some other circumstantial evidence as well. Evidence that an accused made a misstatement prior to trial about the matter in litigation, in this case ownership of the cables, may be considered as conduct by the accused indicating admission of guilt. (McCormick, Evidence §273, at 660 (2d ed. 1972).) Defendant also testified that on the night in question he drove up to the service station, found it closed, got out of his truck, relieved himself, saw the cables, put them in his truck bed, got into the truck and drove off. He said that he did not notice anything wrong with the station wagon because he had been drinking. His testimony in this respect was somewhat negated by evidence that his vehicle registration card was found two to five feet from the rear door of the station wagon, which had been forced open.

■■ Defendant urges that the jury's acquittal of defendant for burglary and the jury's question about the instruction and the nature of their verdict all indicate that they did not intend to find him guilty of taking anything other than the jumper cables. The rule is clear that the jury's verdict as to theft need be neither logically consistent with their burglary verdict (*People v. Hairston* (1970), 46 Ill. 2d 348, 263 N.E.2d 840), nor even legally consistent with it. (*People v. Dawson* (1975), 60 Ill. 2d 278, 326 N.E.2d 755.) Any such inconsistency could be explained as resulting·from their desire to be lenient as to the more serious charge. (*Dawson.*) If the jury were improperly instructed or otherwise made confused, defendant's remedy would be to obtain a new trial, which he has refused, rather than an acquittal.

We consider the evidence to have been sufficient for a reasonable jury to have found defendant's guilt of felony theft to have been proved beyond a reasonable doubt.

■■ The record indicates the trial court decided that because it had erroneously informed the jury that it could not return a verdict of guilty of the included offense of theft of property not exceeding $150 in value, it should not impose a sentence for the Class 3 felony offense of theft of property having a value in excess of $150. But because of evidence at sentencing that defendant had prior theft convictions it decided to sentence the defendant for the Class 4 offense of subsequent theft (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(e)(1)). It then imposed a sentence for that offense. This was error. Conviction of and punishment for that offense could only have been imposed if the prior theft conviction was

charged and proved at trial. (*People v. Edwards* (1976), 63 Ill. 2d 134, 345 N.E.2d 496.) That was not done here. Accordingly, the sentence is reversed.

■■ For the reasons stated, the conviction of theft of property of a value in excess of $150 is affirmed. The sentence is reversed and the cause remanded for a new sentencing hearing upon defendant's conviction of the Class 3 felony of theft of property of a value in excess of $150.

Affirmed in part, reversed in part, and remanded.

MILLS, P. J., concurs.

Mr. JUSTICE CRAVEN, dissenting:

The jury acquitted the defendant of burglary, but it found him guilty of theft over $150. The jury's guilty verdict was returned only after it twice had requested the trial judge to define the word "property" and after it had asked the trial judge if it could find the defendant guilty of theft under $150. The trial judge told the jury that it could not find the defendant guilty of theft under $150, even though there was ample testimony, which if believed, would have supported a jury verdict of theft under $150.

After the guilty verdict was returned, the trial judge decided that he had erroneously informed the jury that it could not return a verdict of guilty on the lesser included offense of theft under $150. At the sentencing hearing the trial court stated:

"The court, in imposing a six year term, treated this as a Class 4 felony, even though you were convicted of a Class 3 felony, and sentenced you to the maximum extended term for a Class 4 felony, which in the court's opinion is the verdict that would have been handed down had they been properly instructed."

In other words, the trial court thought that, given the nature of the evidence that he had heard and the erroneous jury instruction, defendant was not proved guilty beyond a reasonable doubt of theft over $150. To this extent, I agree with the trial court. The majority correctly points out that a sentence for the Class 4 felony offense of a subsequent theft could never stand because the prior theft conviction, an element of that crime, was not charged or proved at trial.

On this record, the only offense that the defendant was guilty of beyond a reasonable doubt was the misdemeanor offense of theft under $150. (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(e)(1).) Therefore, I dissent.