438

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
WILLIAM CRADDOCK, Defendant-Appellant.

Fourth District   No. 4—85—0420

Opinion filed March 5, 1986.

GREEN, J., specially concurring.

Edwin R. Parkinson, of Springfield, for appellant.

Tim P. Olson, State's Attorney, of Jacksonville (Robert J. Biderman and
Peter C. Drummond, both of State's Attorney's Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of
the court:

Defendant was charged with (count I) unlawful delivery of a controlled substance and (count II) armed violence based upon the unlawful delivery of a controlled substance (Ill. Rev. Stat. 1983, ch. 56½, par. 1401(a)(2); ch. 38, par. 33A—2). The jury returned a verdict finding the defendant guilty on the armed-violence charge and was unable to reach a verdict on the unlawful delivery charge. The trial court subsequently entered an order that the jury's verdict as to count II be set aside and the State's motion to declare a mistrial as to both counts I and II be allowed and ordered a mistrial as to both counts. The trial court did not enter a judgment on either count and set the matter for jury trial. The defendant appealed, which appeal was dismissed by this court (*People v. Craddock* (1985), 129 Ill. App. 3d 1162

(Rule 23 order)) for failing to meet the requirements of Supreme Court Rule 604(f) (94 Ill. 2d R. 604(f)). After remand, defendant did file a motion to dismiss based upon double jeopardy. This motion was denied by the trial judge on May 16, 1985. The defendant appeals from the denial of his motion to bar further prosecution based upon double jeopardy pursuant to Supreme Court Rule 604(f).

The defendant was tried by a jury on these charges with the jury retiring at 10:05 a.m., and deliberating for eight hours. At 12:10 p.m., the court and counsel met to consider the jury's note, which asked: "Is the second charge in connection with cocaine? Can any of the charges be split guilty on one offense and not the other? Can he be found guilty of armed violence and not guilty on the first charge? Please clarify!" The court again read the jury the instructions pertaining to the charges and the jury retired at 12:25 p.m.

At 5:10 p.m., the jury was returned to the courtroom, and the judge asked the foreman whether the jurors had failed to reach any verdict. The foreman said the jury had reached a verdict on one charge, but not the other, on which he believed the jury was hung. The court gave a *Prim*-type instruction (*People v. Prim* (1972), 53 Ill. 2d 62, 71-72, 289 N.E.2d 601, 607, *cert. denied* (1973), 412 U.S. 918, 37 L. Ed. 2d 144, 93 S. Ct. 2731), and the jury again retired at 5:15 p.m. Defense counsel moved for a mistrial due to the statement of the foreman that he thought the jury was hung. The court denied the motion.

At 5:43 p.m., the jury was returned to the courtroom and the judge inquired as to its progress. The foreman said he believed the jury was deadlocked, and that they were still in agreement on one charge and had signed the verdict form on that charge, but could not agree on the other charge. The court suggested that the jurors continue deliberations and return to the courtroom if unable to reach a verdict. The jury retired at 5:45 p.m. Defense counsel renewed his motion for mistrial, which the court denied.

Subsequently, the trial judge stated: "By agreement of counsel, the court is going to ask the jury to come in and return the one verdict they have." The jury was called to the courtroom and delivered its finding that defendant was guilty of the offense of armed violence. The jury was retired to continue deliberations, after which defense counsel said: "I would like to make a motion for mistrial and that the jury be discharged and further, that the verdict returned by the jury be set aside by this court." He argued that the jury might be reaching a legally inconsistent verdict on the included offense. The prosecutor said that there was as yet no inconsistency. The trial judge observed

that the jury appeared confused and asked for a few moments to consider his ruling. Defense counsel again requested a mistrial.

At 6:05 p.m., the jury foreman was called to the courtroom, and the trial judge determined that the jury considered itself locked. The jury was returned to the courtroom and discharged, without objection by defendant.

After the jurors had withdrawn from the courtroom, defense counsel made an oral motion to set aside the verdict of guilty on the armed-violence charge, and to dismiss that charge. He further argued that if the State were allowed to proceed on the underlying count of unlawful delivery, the defendant would suffer double jeopardy. He contended that the jury had found defendant guilty of armed violence without a finding on the included charge, and urged this verdict was itself legally inconsistent without a finding on the predicate felony. The prosecutor argued that absent acquittal on the unlawful delivery charge, double jeopardy did not apply, and requested that a mistrial be declared and the case reset for further proceedings. Later, the trial judge concluded that the jury had been confused, and allowed that part of defendant's motion which requested that the guilty verdict on the armed-violence charge be set aside. The court declared a mistrial as to both counts I and II. After appeal and remand in this cause from this court, the trial court denied the defendant's motion to dismiss the charges based upon former jeopardy. The defendant appeals that order.

Supreme Court Rule 604(f) provides for appeal from a motion to dismiss on grounds of former jeopardy:

> "The defendant may appeal to the Appellate Court the denial of a motion to dismiss a criminal proceeding on grounds of former jeopardy." 94 Ill. 2d R. 604(f).

In determining the merits of defendant's appeal, it must be kept in mind that no final judgment was entered. The jury returned no verdict on the charge of unlawful delivery of a controlled substance and returned a verdict of guilty on the armed-violence charge which was set aside. No cases are cited by counsel having a similar factual background. Although we are not dealing with "returned inconsistent verdicts," the cases on inconsistent verdicts do provide guidance.

In *People v. Frias* (1983), 99 Ill. 2d 193, 195, 457 N.E.2d 1233, 1234, our supreme court stated, "an essential element of a conviction for armed violence is the commission of an underlying felony while armed." *Frias* and *People v. Tiller* (1982), 94 Ill. 2d 303, 447 N.E.2d 174, *cert. denied* (1983), 461 U.S. 944, 77 L. Ed. 2d 1302, 103 S. Ct. 2121, stand for the proposition that unless there is an underlying fel-

ony to sustain the conviction for armed violence, the conviction for armed violence must be set aside. The supreme court in *Frias* said: "We have not held that the defendant must be *convicted* of the predicate felony. However, before he may be convicted of armed violence based upon the predicate felony, the elements of that felony must be established and it must be proved that the felony was committed while armed." *People v. Frias* (1983), 99 Ill. 2d 193, 196-97, 457 N.E.2d 1233, 1235.

In *People v. Myers* (1981), 85 Ill. 2d 281, 426 N.E.2d 535, the supreme court approved a conviction of armed violence based on a felony which was not charged. In *Myers*, although the defendant was not convicted of aggravated battery, he was nonetheless charged with armed violence based upon the felony of aggravated battery.

In *People v. Dawson* (1975), 60 Ill. 2d 278, 326 N.E.2d 755, *cert. denied* (1975), 423 U.S. 835, 46 L. Ed. 2d 54, 96 S. Ct. 61, the defendant was found guilty by a jury of the offense of armed robbery but not guilty of the alleged murder arising out of the same armed robbery. Defendant on appeal alleged and argued that the verdicts were legally inconsistent. This appellate court agreed. The supreme court reversed, citing *United States v. Carbone* (2d Cir. 1967), 378 F.2d 420:

" 'The very fact that the jury may have acquitted of one or more counts in a multicount indictment because of a belief that the counts on which it was convicted will provide sufficient punishment *** forbids allowing the acquittal to upset or even to affect the simultaneous conviction. We have repeatedly so held, *e.g.*, [citations]. Indeed, if the rule were otherwise, the Government would be entitled to have the jury warned that an acquittal on some counts might undermine a guilty verdict on others—almost the opposite of the standard instruction, which is obviously beneficial to criminal defendants, and which the judge gave here without objection. It is true, as both Judge Hand and Mr. Justice Holmes recognized, 7 F.2d at 60, 284 U.S. at 394, 52 S. Ct. 189, that allowing inconsistent verdicts in criminal trials runs the risk that an occasional conviction may have been the result of compromise. But the advantage of leaving the jury free to exercise its historic power of lenity has been correctly thought to outweigh that danger [citations].' " *People v. Dawson* (1975), 60 Ill. 2d 278, 280-81, 326 N.E.2d 755, 757.

Here, the jury requested additional clarification concerning the instructions. The court in its response to the question, in attempting to further clarify the matter, reread the instructions pertaining to the

charges. It appears that this jury either was in the exercise of lenity to the defendant and/or misunderstood the instructions of the court. The decisions of our reviewing courts, and the Supreme Court of the United States in its decisions, indicate that this defendant has not suffered double jeopardy. The trial judge, in fact, granted the defendant's motion insofar as it concerned count II, the armed-violence charge, and he cannot complain.

In *Ashe v. Swenson* (1970), 397 U.S. 436, 443, 25 L. Ed. 2d 469, 475, 90 S. Ct. 1189, 1194, the Supreme Court said:

> " 'Collateral estoppel' *** means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." (*People v. Hairston* (1970), 46 Ill. 2d 348, 359-60; *People v. Frias* (1983), 99 Ill. 2d 193, 199, 457 N.E.2d 1233, 1236.)

As previously stated, we are not dealing with inconsistent verdicts. The fact that the jury returned no verdict on the unlawful delivery of a controlled substance charge is not necessarily inconsistent with a return of a verdict of guilty on the armed-violence charge. There was no valid final judgment of acquittal as to unlawful delivery of a controlled substance. There has not been a determination favorable to the accused of a fact essential to conviction. The trial court was justified under *Ashe, Frias, Hairston, Dawson,* and *Tiller* to set aside the verdicts and grant the defendant a new trial.

There is no double jeopardy, and the judgment of the trial court is affirmed.

Affirmed and remanded for further proceedings.

WEBBER, J., concurs.

JUSTICE GREEN, specially concurring:
I agree with the majority's decision to affirm and with much that is stated in its opinion. However, I analyze the issues in a slightly different manner and have concern with some of the language of the majority.

Defendant recognizes that there is a logical inconsistency in the actions of the jury in finding the defendant guilty of armed violence but not being able to agree on the predicate offense. Defendant then seeks to have us treat the situation as if the jury had acquitted defendant of the predicate offense. As the majority points out, acquittal on the armed-violence offense would then have been required.

(*People v. Frias* (1983), 99 Ill. 2d 193, 457 N.E.2d 1233.) However, where the jury deadlocked rather than acquitted on the armed-violence charge, the trial court placed the two charges in logical symmetry by declaring a mistrial and granting a new trial as to both charges.

Clearly, retrial of defendant on the predicate offense after the jury had been unable to agree as to his guilt on that offense at the first trial will not violate his right against being placed twice in jeopardy. (*People v. Bean* (1976), 64 Ill. 2d 123, 355 N.E.2d 17.) As the majority explains, in failing to reach a verdict on the charge of the predicate offense, the jury made no determination favorable to the defense on any aspect of the armed-violence charge. When this is so and (1) no prosecutorial misconduct is charged, and (2) no claim is made that the evidence was insufficient to support a conviction of armed violence, the setting aside of the *guilty* verdict and the retrial of the defendant on that charge is entirely consistent with the defendant's rights in regard to double jeopardy. *People v. Keagle* (1955), 7 Ill. 2d 408, 131 N.E.2d 74.

I respectfully submit that the majority's reference to cases concerning inconsistent verdicts may cause some confusion. The majority quotes from *People v. Dawson* (1975), 60 Ill. 2d 278, 280-81, 326 N.E.2d 755, 757, which quotes from *United States v. Carbone* (2d Cir. 1967), 378 F.2d 420, concerning the "power of lenity" possessed by juries. In *Frias*, cited by the majority, the court held that when a defendant was acquitted of the predicate felony, a conviction for armed violence must be set aside and an acquittal entered. The *Frias* court stated that the cited language from *Carbone* was not to be taken to justify legally inconsistent verdicts where one of the verdicts is an acquittal. (*People v. Frias* (1983), 99 Ill. 2d 193, 198-99, 457 N.E.2d 1233, 1236.) Thus, *Frias* places in doubt the question of whether the jury's "power of lenity" is of significance in justifying any type of inconsistent verdicts. Inconsistent verdicts of guilty could hardly be attributed to lenity. The statement in the majority opinion that the jury, in failing to reach an agreement on the predicate offense, might be "in the exercise of lenity" imparts significance to "the power of lenity" as applied to inconsistent verdicts which may no longer exist.