THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALI ROBINSON, a/k/a Thomas E. Robinson, Defendant-Appellant.

Third District   No. 3—85—0813

Opinion filed September 4, 1986.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (Rita Kennedy Mertel, of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE SCOTT delivered the opinion of the court:

A jury convicted the defendant, Ali Robinson, of possession of a stolen vehicle (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103(a)(1)). The defendant appeals his conviction. We affirm.

The defendant took the victim's car from the victim's place of employment. After eluding the police in a high-speed chase, the defendant was arrested walking along some railroad tracks about a half block from the abandoned and damaged car.

At trial, the victim and a witness who had talked with the defendant just before the defendant took the car and who saw the defendant speeding away in the car identified the defendant as the driver. The arresting officer testified that when he spotted the car the driver drove off erratically, almost losing control of the car. The arresting officer later found a key to the victim's car in the back seat of his squad car where he had put the defendant. The victim also identified a pair of sunglasses found on the defendant's person as belonging to the victim and as being in the victim's car when it was taken.

The jury found the defendant guilty of possessing a stolen vehicle (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103(a)(1)), but not guilty of

theft (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(a)(1)).

The defendant argues on appeal that his conviction must be reversed because the State failed to prove an essential element of the offense—that the car was stolen. He contends that at best the evidence shows that he took the car on a joy-riding escapade. The evidence was insufficient to prove he intended to steal the car, he concludes, as is evidenced by the jury's finding of not guilty on the theft charge. We disagree.

■■ ■ The intent to permanently deprive the owner of his property may be established by circumstantial evidence. (*People v. Soskins* (1984), 128 Ill. App. 3d 564, 470 N.E.2d 643.) The intent to permanently deprive the owner of the use of a vehicle is a question for the trier of fact; a jury's verdict will not be disturbed unless the supporting evidence is improbable, unconvincing, or contrary to human experience. (*People v. Graydon* (1976), 38 Ill. App. 3d 792, 349 N.E.2d 127.) A jury's verdict may be logically inconsistent without being legally inconsistent. (*People v. Barnard* (1984), 104 Ill. 2d 218, 470 N.E.2d 1005.) A jury may acquit a defendant on one or more counts in a multi-count indictment in the belief that the counts on which it convicted the defendant will provide sufficient punishment. *People v. Dawson* (1975), 60 Ill. 2d 278, 326 N.E.2d 755.

■■ Viewing the evidence in the light most favorable to the prosecution (*People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267), we find that the State proved the defendant possessed a stolen vehicle in that he took it with intent to permanently deprive the owner of its use and benefit.

Accordingly, we affirm the judgment of the circuit court of Will County.

Judgment affirmed.

STOUDER and WOMBACHER, JJ., concur.