THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CONRAD RENTFROW, Defendant-Appellant.

Fifth District   No. 5—88—0160

Opinion filed October 23, 1991.

Robert Agostinelli and Frank W. Ralph, both of State Appellate Defender's Office, of Ottawa, for appellant.

Paula Phillips, State's Attorney, of Effingham (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Conrad Rentfrow, was charged by information in the circuit court of Effingham County with attempted murder (Ill. Rev. Stat. 1981, ch. 38, par. 8—4(a)) in the stabbing of his estranged wife, Shirley Ann Rentfrow, one count of armed violence (Ill. Rev. Stat. 1981, ch. 38, par. 33A—2) in her stabbing, and aggravated battery (Ill. Rev. Stat. 1981, ch. 38, par. 12—3) in the stabbing of his wife with a knife in excess of three inches in length. The jury returned verdicts of guilty of attempted murder, guilty of armed violence, guilty of aggravated battery, and guilty of an uncharged count of reckless conduct (Ill. Rev. Stat. 1981, ch. 38, par. 12—5(a)), which, at defendant's request, the jury was instructed to consider as a lesser-included offense of the aggravated battery count. The trial court entered judgment only on the attempted murder count, and defendant was sentenced to a 20-year term of imprisonment.

On appeal, defendant contended that he was denied a fair trial when the court, outside of the presence of defendant or his counsel, initiated a discussion with the jurors. Defendant contended the jurors could reasonably infer from that discussion that the judge was attempting to rush a decision. He also contended that the trial court abused its discretion when it refused to grant the jury's request that defendant's and the complainant's testimony be "read back" to them. Defendant asked that his appellate counsel raise, *inter alia*, the issue of inconsistent verdicts. In a letter to defendant, his appellate counsel declined to do so, stating that this issue and other contentions raised by defendant were not of any value on appeal.

Following this court's decision affirming defendant's conviction (*People v. Rentfrow* (1984), 125 Ill. App. 3d 1181, 481 N.E.2d 371 (unpublished Rule 23 order)), defendant filed a *pro se* post-conviction petition alleging, *inter alia*, that his appellate counsel was incompetent for failing to raise the issue of the inconsistent verdicts returned by the jury. The public defender was appointed to represent defendant at post-conviction hearing proceedings and filed an amended petition for post-conviction relief asserting that defendant's appellate counsel was incompetent for failing to raise the inconsistent verdict issue. Defendant's post-conviction petition was denied by the trial court, and it is from this denial that defendant takes his appeal. The decision of the trial court is reversed, and the cause is remanded for a new trial on all counts.

At the time of defendant's direct appeal in 1983, it was well-established law that where inconsistent guilty verdicts are returned, the defendant is entitled to a reversal of the judgment and a remand of the cause for a new trial on all counts. (*People v. Hairston* (1970), 46 Ill. 2d 348, 361, 263 N.E.2d 840, 849.) This has long been the case where inconsistent verdicts of guilty were returned on separate indictments or on separate counts of a single indictment. *People v. Turner* (1930), 256 Ill. App. 493 (guilty verdicts on both burglary and receiving stolen property); *Tobin v. People* (1882), 104 Ill. 565 (guilty verdicts on larceny and receiving stolen property).

The return of guilty verdicts on attempted murder, armed violence, aggravated battery, and reckless conduct is legally inconsistent. Despite the fact that all four charges to the jury were based on the single stab wound to defendant's estranged wife, the jury, by its guilty verdicts, found in effect that defendant acted recklessly (reckless conduct), intentionally (attempted murder), and knowingly (armed violence) based on attempted murder or aggravated battery. These decisions are legally inconsistent under *Hairston*.

The supreme court's position in *Hairston* was reaffirmed in cases which were decided subsequent to defendant's direct appeal: *People v. Spears* (1986), 112 Ill. 2d 396, 493 N.E.2d 1030; *People v. Almo* (1985), 108 Ill. 2d 54, 483 N.E.2d 203; *People v. Hoffer* (1985), 106 Ill. 2d 186, 478 N.E.2d 335; and *People v. Frias* (1983), 99 Ill. 2d 193, 457 N.E.2d 1233.

In *Spears*, the defendant was charged with attempted murder and two counts of armed violence. The jury returned guilty verdicts on all counts, including two uncharged counts of reckless conduct. Judgment was entered on the attempted murder and armed violence counts. In reversing and remanding, our supreme court stated:

"It is well established that where inconsistent guilty verdicts are returned, the defendant is entitled to a reversal of the judgment and a remand of the cause for a new trial on all counts. (*People v. Almo* (1985), 108 Ill. 2d 54, 62-63[, 483 N.E.2d 203, 206]; *People v. Hoffer* (1985), 106 Ill. 2d 186, 195[, 478 N.E.2d 335, 340]; *People v. Frias* (1983), 99 Ill. 2d 193, 203[, 457 N.E.2d 1233, 1238]; *People v. Hairston* (1970), 46 Ill. 2d 348, 361[, 263 N.E.2d 840, 849].) By returning guilty verdicts for reckless conduct and attempted murder, the jury necessarily found mutually inconsistent mental states to exist when defendant shot and wounded Barbara." *People v. Spears*, 112 Ill. 2d at 407, 493 N.E.2d at 1035.

Earlier, in *Almo*, the court gave this analysis of a similar situation:

"In this case, the trial judge received the verdicts and, upon reading them, realized that the convictions of murder and voluntary manslaughter were inconsistent.

At this point, the duty of the circuit judge was to preserve the integrity of the trial. We know from *People v. Hoffer* [(1985), 106 Ill. 2d 186, 478 N.E.2d 335] that had the trial judge accepted both the voluntary manslaughter and murder verdicts, he would have been in error, and eventually the defendant would have been given a new trial at considerable expense to the State and inconvenience to all. In this case, the trial judge avoided that difficulty by sending the jury back to continue its deliberations. He had no choice. Since the two verdicts were legally inconsistent, he could not enter judgment on one and vacate the other. He had no way of knowing which of the two verdicts was intended by the jury and which was a result of some misconception. If the judge entered judgment on murder and vacated the voluntary-manslaughter conviction, he risked convicting the defendant of more than the jury intended. On the other hand, if he entered judgment on voluntary manslaughter only, he might be acquitting the defendant of murder contrary to what the jury had in fact found. In a jury trial, it is the jury's duty to determine innocence or guilt in accord with the law. The court could not usurp that jury function by second-guessing what the jury really meant." *People v. Almo*, 108 Ill. 2d at 63-64, 483 N.E.2d at 207.

The court in *Spears* gave direction for the circuit court when faced with inconsistent verdicts:

"In the case at bar, the instructions on the reckless-conduct counts were tendered, at the defendant's request, to provide the jury with an alternative which would exonerate the defendant of the greater charges. As such, the trial judge had a duty to apprise the jury that it could find the defendant guilty of the lesser or greater offenses, but not both. When the jury returned with inconsistent guilty verdicts, the trial judge had a duty to send the jury back for further deliberations consistent with new instructions to resolve the inconsistency. We noted in *Almo* that a trial judge faced with inconsistent guilty verdicts may not properly enter judgment on one or more of the verdicts and vacate the others. Where inconsistent verdicts are returned, a trial judge may not usurp the function of a jury by second-guessing 'which of the two verdicts was intended by the jury and which was a result of some misconception.' (*People v. Almo* (1985), 108 Ill. 2d 54, 63-64[, 483 N.E.2d 203, 207].) Since the trial court here failed to take either the preventative step of instructing the jury that it could not consistently return guilty verdicts for both the greater and lesser offenses, or the remedial action approved in *Almo*, the cause must be remanded for a new trial on all counts." *People v. Spears*, 112 Ill. 2d at 410, 493 N.E.2d at 1036.

The State's reliance on *People v. Dawson* (1975), 60 Ill. 2d 278, 326 N.E.2d 775, for the proposition that at the time of the decision the supreme court had apparently abandoned inconsistency of verdicts as a ground for reversal, is misplaced. The *Dawson* case held that there was no inconsistency of verdicts where the defendant had been convicted of armed robbery but acquitted of felony murder based on armed robbery. The court rejected the defendant's argument that the verdict of guilty as to armed robbery was inconsistent with the acquittal of felony murder. The supreme court held that while logically inconsistent, the decisions were not legally inconsistent, and that it was to be presumed that the inconsistency stemmed from the jury's exercise of its "historic power of lenity." In the case at bar, lenity did not enter into the equation.

The appellate court decisions cited by the State as following *Dawson* in upholding inconsistent jury verdicts are inapposite to the instant case. *People v. O'Malley* (1982), 108 Ill. App. 3d 823, 439 N.E.2d 998, and *People v. Johnson* (1980), 87 Ill. App. 3d 306, 409 N.E.2d 48, dealt with inconsistency between acquittals and guilty verdicts. *People v. Harris* (1982), 104 Ill. App. 3d 833, 433 N.E.2d 343, found that jury verdicts finding a defendant guilty of aggravated bat-

tery and reckless conduct were not legally inconsistent but vacated the conviction for reckless conduct because it was held to be a lesser-included offense of aggravated battery.

■ The State further argues that defendant waived the issue of inconsistent verdicts by not raising it on direct appeal. We disagree. The issue of inconsistent verdicts was preserved for appeal both through defendant's post-trial motions and defendant's request that the appellate defender argue the inconsistent verdict issue in support of his appeal of his conviction.

It is therefore ordered that defendant's conviction for the offense of attempted murder be reversed, the verdicts of guilty of attempted murder, armed violence, aggravated battery, and reckless conduct be vacated, and the cause be remanded for new trial on all counts.

Reversed and remanded.

RARICK, P.J., and HOWERTON, J., concur.